## Moore v. Lawrence County.

(Decided May 2, 1911.)

### Appeal from Lawrence Circuit Court.

1. County—Liability for Property Injured—Under section 242 of the Constitution, a county is liable in damages for injuries resulting from ditching a public road and constructing a culvert in such manner as to materially increase the natural flow of water on the land of an adjoining land-owner.

2. Action—Limitation—In such a case the cause of action accrues when it becomes reasonably apparent that injury has resulted from the completion of the ditch and culvert and is barred after the lapse of five years.

·W. D. O'NEAL, Jr. for appellant.

JAMES W. HINKLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

Appellant, Gus Moore, brought this action against appellee, Lawrence County, to recover damages in the sum of $200 for injury to his land alleged to have been due to the ditching of a public road and the building of a culvert in such manner as to discharge water upon his premises in greater quantities than the natural flow. A demurrer was sustained to the petition, and the petition was dismissed; hence this appeal.

The facts set out in the petition show that appellant's property is in the unincorporated village of Charley, in Lawrence County, and fronts on the county road. The county has established and is maintaining a public road at that place, and, in doing so, has made a ditch on the upper side of the road for a distance of several hundred feet. This ditch catches and diverts the water that flows down the hillside, and carries it to a point in front of appellant's premises. There the county has constructed and is maintaining a culvert which carries the water under the roadbed to the lower side of the road and discharges it on appellant's lot. The discharge of said water upon said lot is an additional burden and flow of water to the natural drainage, and has made his property less desirable as a residence and diminished its value to the extent of $200. It further appears that the improvements complained of were all made under the supervision and direction of the supervisors of roads and bridges of Lawrence County, who acted under the orders of the fiscal court of that county. The petition further charges that appellant has never in any way received any compensation for the injury to his land, and that the injury and damages occurred within five years next preceding the institution of the action.

While, as claimed by appellee, it is the well-established doctrine in this State, that counties are not liable to suit unless authority can be found for it under the statutes, or it follows by necessary implication from some express power given, in the case before us we have express constitutional authority for this character of ac-

tion. Section 242, of the present Constitution, provides, in part:

"Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them; which compensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual, before such injury or destruction."

In the case of Layman v. Beeler, et al., 24 Ky. Law Rep., 174, this provision was held to apply to and include counties. In that case plaintiff's land was injured by the cutting down of a hill and the ditching of the public road. In discussing the question, the court said:

"The provision of the Constitution which requires that the municipality taking private property for public use 'shall make just compensation for the property taken, injured or destroyed by them,' necessarily implies that if the corporation should fail to make the compensation before the taking or injury, that it is liable therefor after such taking or injury, and that if it will not pay the damages an action is necessarily authorized to be instituted against it, for it would be idle to give to a party a right without a remedy to enforce it. We, therefore, conclude that if the facts as alleged in the petition be true, that is, that the improvement of the highway in question did so impair the plaintiff's adjacent lands and their value as to damage himself, that was a taking and injury within the contemplation and meaning of the Constitution, and the language of that section necessarily implies a right upon the part of the citizen to maintain his action against the county to recover such damages if not otherwise settled."

We are unable to distinguish that case from the case at bar. There the injury was due to the cutting down of the hill and the ditching of the road. In the case at bar it is alleged to be due to the ditching of the road in such a manner as to discharge the accumulated water upon appellant's premises in greater quantities than the natural flow. If this be true, appellant was injured within the meaning of section 242 of the Constitution. In such a case there can, of course, be no recovery, unless the evidence shows that the volume of water has, by reason of the construction of the ditch and culvert, been mater-

ially increased over the volume that would have otherwise flowed upon the premises on account of the natural drainage, and then only for injuries resulting from such increase, and the cause of action accrues when it becomes reasonably apparent that injury has resulted from the completion of the ditch and culvert, and is barred after the lapse of five years. (Illinois Central R. Co., et al. v. Haynes, 125 S. W., 210.)

For the reasons given, the judgment is reversed and cause remanded, with directions to overrule the demurrer to the petition, and for other proceedings consistent herewith.