## McDonald v. Powell County.

(Decided May 22, 1923.)

Appeal from Powell Circuit Court.

1. Counties—Not Liable for Torts of Agents.—As a general principle, a county is not liable for the tortious acts of its agents.

2. Eminent Domain—Petition Held to Seek Recovery for Land taken by County for Public Use, and Not for Trespass by County Contractor.—A petition alleging that the county that constructed a highway across plaintiff's land without acquiring the right to do so, and that the contractor had committed a trespass in constructing the road, which the county was still maintaining, is based upon the taking of plaintiff's land for a public use, for which he was entitled to compensation under Constitution, sec-

tion 242, and does not seek recovery for the trespass of the contractor, for which the county would not be liable.

JOHN D. ATKINSON and C. F. SPENCER for appellant.

BENTON & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is a suit against Powell county. From the averments of the petition it appears that without agreement or condemnation proceedings, the fiscal court of that county constructed a roadway thirty feet wide and one mile long through appellant's farm, and has since used it as a public highway, the work being done under contract with one Kaler, who it is alleged went upon the land without right and against the will and consent of the owner. The pleadings were completed by answer and reply, the former pleading donation of the roadway and the latter, matter in avoidance.

A mistrial resulted and later a demurrer was sustained to the petition, and appellant declining to plead further it was dismissed and he has appealed.

The petition did not describe the land by metes and bounds, but it did allege that the plaintiff was the owner of the farm and the strip mentioned had been taken and was being used for the purposes aforesaid. The prayer also asked the recovery of the possession.

It may be conceded that it was not sufficiently explicit to constitute an action in ejectment. However, the court did not construe it as such action and struck from the prayer the part seeking the recovery of possession.

No brief has been filed by appellee but it is suggested in appellant's brief that the lower court was of the opinion that the conduct of the contractor was a trespass, and that the county was not liable for his tortious acts. It is true that as a general principle the county is not liable for the tortious acts of its agents, and if this action was grounded on such, the demurrer was properly sustained. But we do not so understand the case. It is true that a trespass is charged but the gravamen of the action is the appropriation of appellant's land to public use.

Taking the alegations of the petition as true, the fiscal court has not only entered upon his property but has constructed a public road over it, and now has full control

and possession of that road, maintaining it for public use.

Section 242 of the Constitution reads:

"Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for the property taken, injured or destroyed by them, which compensation shall be paid before such taking, or paid or secured at the election of such corporation or individual, before such injury or destruction."

In the case of Layman v. Beeler, 113 Ky. 221, plaintiff claimed an injury to his land occasioned by the county cutting down a hill and ditching the public road, making it impracticable for him to go from one part of his farm to the other.

In the case of Moore v. Lawrence County, 143 Ky. 450, it was alleged that the road was ditched in such a way as to discharge accumulated water in greater quantity upon plaintiff's land than would otherwise flow thereon. In each case it was held that the county was liable for the injury sustained by the landowner. This upon the ground that the constitutional provision, *supra,* gave express power for that character of action.

Those actions were for injuries consequent upon the improvement of roads controlled by the county. This action is for a direct taking of property for public use without compensation. We think the same rule applies in both cases and that this action may be maintained, the the measure of damages being the same as in condemnation proceedings in the establishment of a public road. This will not preclude any defenses the county has to the action.

Judgment reversed and cause remanded for proceedings consistent with this opinion.