## Harlan County v. Cornett.

### (Decided May 6, 1924.)

### Appeal from Harlan Circuit Court.

1. Limitation of Actions—Must be Pleaded.—Limitations must be pleaded to be available.
2. Eminent Domain—County Taking Land Must Pay Therefor.— County having entered into contract with coal company to furnish right of way over land not owned by coal company, in consideration for which coal company would construct road, county was liable for damages to one owning a parcel of land jointly with coal company, as against contention that road was established without legal authority, in view of Kentucky Statutes, section 1840.
3. Appeal and Error—Presumed Right of Way Obtained Legally.— Record not showing how right of way over land was obtained by county, it must be presumed, on appeal by county from judgment for damages, that it was done legally.

J. B. CARTER for appellant.

G. G. RAWLINGS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

The Black Mountain Corporation has a coal camp on Yocum's creek about three miles above the town of Evarts, Harlan county. It desired to have a graded road from its camp to the mouth of Yocum's creek. The old county road ran up the creek and in the creek bed most of the way. The Black Mountain Corporation in January, 1918, proposed to the fiscal court that on condition the

county would furnish right of way over land not owned by it from the mouth of Yocum's creek up same on survey to be located by the county road engineer it would furnish the county right of way of the required width over lands owned by it and would construct on the right of way a county public road up same for a distance of five miles or over. The fiscal court accepted the offer and ordered the road established. The road was located by the county engineer and was built by the Black Mountain Corporation. It passed through one tract which was owned jointly by the Black Mountain Corporation and A. B. Cornett. The right of way was not secured from Cornett.

A. B. Cornett on June 16, 1920, filed this action against the county to recover damages for the taking of his land. On the trial of the case he recovered judgment for $500.00 damages as the value of one-half of the land taken. The county appeals.

It is insisted that the petition is insufficient because it does not show that the cause of action accrued within five years, but limitation was not pleaded and limitation must be pleaded to be available. The record shows that the cause of action accrued within five years before the petition was filed and limitation if pleaded would not be available. It is also insisted that the road was established without legal authority. The order of the fiscal court is in these words:

"This day came —— Puckett, agent for Black Mountain Corporation, and for that company proposed that on condition the county would furnish right of way over lands not owned by it from the mouth of Yocum's creek up same on survey to be located by the county road engineer it would furnish the county right of way of the required width over lands owned by it and would construct on said right of way a county public road from the mouth of said creek up same for a distance of five miles or over, whereupon the court by unanimous vote accepted said proposal and ordered said road established and ordered that survey of same be made at once and right of way secured.

"The county judge and county attorney are hereby authorized to secure said right of way and take deeds for same out of the county levy to pay for said right of way."

The county paid for the right of way through the land that the Black Mountain Corporation did not own. Some of the owners gave the right of way to the county and the county fenced it up. Taking it altogether the right of way which the county bought cost in all four or five thousand dollars. The county did not pay anything for the building of the road, the cost of building the road was paid by the corporation. By this contract the county secured an improved road without cost, except as it paid for the right of way over the land not owned by the Black Mountain Corporation. It paid nothing for the right of way over the half interest of the tract in controversy owned by the corporation, but the corporation did not by its contract agree to pay Cornett for his half interest. The parties seemed to have overlooked at the time that Cornett owned a half interest in this land and he did not know that his land had been taken for more than a year after the road was built. Under section 1840, Kentucky Statutes, the fiscal court has authority "to regulate and control the fiscal affairs and property of the county" and "provide for the good condition of the highways in the county." The record does not show how the right of way over the other tracts not owned by the Black Mountain Corporation was obtained, but in the absence of proof it must be presumed it was done legally. The county took the appellee's land for public purposes and he must be compensated for it.

In McDonald v. Powell Co., 199 Ky. 300, the fiscal court without agreement or condemnation proceedings had constructed a roadway thirty feet wide and one mile long through appellant's farm and since used it as a public highway, the work being done by a contractor. The court, after quoting section 242 of the Constitution and referring to Layman v. Beeler, 113 Ky. 221, and Moore v. Lawrence County, 143 Ky. 450, said:

"In each case it was held that the county was liable for the injury sustained by the landowner. This upon the ground that the constitutional provision, *supra,* gave express power for that character of action. Those actions were for injuries consequent upon the improvement of roads controlled by the county. This action is for a direct taking of property for public use without compensation. We think the same rule applies in both cases and that this ac-

tion may be maintained, the measure of damages being the same as in condemnation proceedings in the establishment of a public road.''

There is no substantial distinction between that case and this. The county here owns the entire strip constituting the roadway except the plaintiff's half of the strip through the plaintiff's tract. His half of the strip is essential to the roadway. The county in fact has taken his land and must pay for it. Cornett was only allowed one-half of the value of the strip taken and the verdict is well within the evidence.

The judgment is affirmed.