### Letcher County v. Hogg.

(Decided May 22, 1925.)

Appeal from Letcher Circuit Court.

Eminent Domain—County is Liable for Washing Away of Land Highway Bridge.—County is liable under Constitution, section and Destruction of Warehouse by Diversion of Stream Due to 242, prohibiting taking of private property for public use without compensation, for washing away of land and destruction of a warehouse, caused by diversion of a stream resulting from county permitting drift to accumulate against trestle supporting highway bridge.

ROBERT BLAIR and O'REAR, FOWLER & WALLACE for appellant.

R. MONROE FIELDS and D. D. FIELDS & DAY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellee, as plaintiff below recovered a judgment for $1,000.00 against Letcher county, which it seeks by this appeal to reverse. The facts are not made very clear by the evidence, but it seems that the Swan-Day Lumber Company and the Floyd Day Lumber Company some years ago secured from George Hogg the right to

construct a pile trestle across the north fork of the Kentucky river, where it flows through his property, and upon which trestle they contructed a tramway, which they used for several years, and then sold it to Letcher county, and it so remodeled it as to use it for a highway bridge. This trestle did not cross the Kentucky river at right angles, but at approximately an angle of forty-five degrees. Letcher county allowed drift to accumulate against the trestle, thus obstructing the channel and diverting the flow of the river to such an extent that at the time of a freshet in February, 1923, the waters of the river were forced across and against the right bank, thereby cutting and washing away Hogg's land, and destroying a warehouse which he had standing thereon, and in which he had hay, powder and other property stored.

There seems to be but one question in the case, and that is, whether or not Letcher county is responsible for this. The county relies on the case of Downing v. Mason County, reported in 87 Ky. 208, 10 Ky. L. R. 105, 8 S. W. 264, 12 Am. St. Rep. 473, and we must admit that that case is very much in the county's favor. Since that case was decided, however, the state has adopted a new Constitution, and by section 242 thereof it is provided that private property shall not be taken for public use without just compensation.

In the case of Layman v. Beeler, 113 Ky. 221, 67 S. W. 995, plaintiff claimed an injury to his land occasioned by the county cutting down a hill and ditching the public road, making it impracticable for him to go from one part of his farm to the other. In the case of Moore v. Lawrence County, 143 Ky. 448, 136 S. W. 1031, it was alleged that the road was ditched in such a way as to discharge accumulated water in greater quantity upon plaintiff's land than would otherwise flow thereon.

In the case of Wharton v. Barber, 188 Ky. 57, 221 S. W. 499, the claim was made that Washington county had installed under its roadway an eighteen-inch metal pipe so that water was brought from the upper side of the roadway and was discharged on to the land of Barber below, at a point where it would not otherwise have been discharged, and that as a result, Barber's land was cut and washed away.

In the case of McDonald v. Powell County, reported in 199 Ky. 300, 250 S. W. 1007, McDowell was suing

Powell county for trespasses committed upon his land. In each case it was held that the county was liable for the injury sustained by the landowner; this upon the ground that the constitutional provision, *supra,* gave express power for that character of action.

From an examination of these cases, we have reached the conclusion that Letcher county's demurrer to the petition was properly overruled, that this washing was a taking of Hogg's property by the county, for which compensation should be made. Finding no errors in the record, the judgment is affirmed.