## Black Mountain Corporation v. Houston.

(Decided December 4, 1925.)

### Appeal from Harlan Circuit Court.

1.  Eminent Domain—Are Liable for Injury to Land from Negligent Construction of Turnpike.—A county constructing a turnpike with a culvert too small to carry off the water, by reason of which adjoining land is damaged, is liable therefor, in view of Constitution, section 242, prohibiting the taking of private property for public use without compensation.

2.  Eminent Domain—Contractor, Employed by County, is Liable for Taking of Land.—A contractor, employed by a county to construct a turnpike, is liable for the taking of land as well as the county.

3.  Eminent Domain—Contractor Constructing Turnpike Not Liable for Damage to Land from Flooding After His Control of Turnpike had Terminated.—A contractor, employed by the county to construct a turnpike, held not liable for the taking of land through flooding caused by insufficient drainage through culvert, where it was not shown that contractor had any ownership in, custody of, or control over, road or culvert at time of overflow complained of.

HALL, JONES & LEE for appellant.

J. E. SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In the spring and summer of 1918, the county of Harlan procured a right of way for a county road between Evarts and the mines of the appellant, the Black Mountain Corporation. Where the road abutted on the property of James Houston the right of way was deeded to the county by him and his wife, Helen Houston, the appellee herein. By some arrangement between the appellant and Harlan county, which does not appear in this record, the former constructed a turnpike road over this right of way. In constructing the road over that part of the right of way which ran along the Houston property

a culvert was installed to carry off the water, but it was too small for the purpose. By reason of its insufficiency, and also by reason of the fact that it was thereafter allowed to fall into a state of disrepair, the water after a rain backed up over the Houston property to its damage. James Houston having died, his widow, Helen Houston, brought this suit on the 16th day of February, 1923, against appellant to recover damages done her dower interest in this property by reason of these overflows. During the course of the trial, which took place in October, 1923, it developed that the property described in the petition was not the property in question, and over the objection of appellant, appellee was permitted to amend her petition and set out the correct description and location of the property overflowed. Under an instruction which was entirely erroneous, the case was submitted to the jury, which found a verdict in favor of appellee in the sum of $800.00. From the judgment entered thereon appellant brings this appeal.

Appellant first argues that its demurrer to the petition should have been sustained, its theory being that appellee is seeking to recover damages from it because of the negligent way it constructed the turnpike, and that as the county could not have been made to respond in damages for such negligence, neither can its contractor. It relies on the case of Blue Grass Traction Co. v. Grover, 135 Ky. 685, 123 S. W. 264; Ockerman v. Woodward, 165 Ky. 752, 178 S. W. 1100; and Schneider v. Cahill, 127 S. W. 143. However, these cases are not in point. They all involved an injury to a traveler on the highway occasioned by the negligence of the contractor who was repairing or maintaining the road for the county. The case before us, however, presents a case of injury to real property and so a taking.

In the very recent case of Letcher County v. Hogg, 209 Ky. 182, 272 S. W. 423, we held that under section 242 of the Constitution, prohibiting the taking of private property for public use without compensation, the county is liable for the washing away of the land, and the destruction of a warehouse of a private person caused by the diversion of a stream resulting from the county permitting drift to accumulate against a trestle supporting a highway bridge. This case cited the earlier case of Moore v. Lawrence County, 143 Ky. 448, 136 S. W. 1031, where we held that a county which ditched a road it was building in such fashion as to discharge accumulated

water in greater quantity upon plaintiff's land than would otherwise flow thereon was liable in damages for the "taking" resulting therefrom.

These cases are conclusive of the proposition that in the case before us, if the allegations of the petition be true, as they must be taken on demurrer, the county of Harlan would have been liable for the damage done appellee's property had it been sued.

It is equally true that if the "taking" is done by a contractor of the county in such state of case that the county would have been liable had it been sued, the contractor is liable. In Adams and Sullivan v. Sengel, 177 Ky. 535, 197 S. W. 974, the contractor was constructing a sewer for the city of Louisville. During the construction, it became necessary to do some blasting in the street through which the sewer ran. In doing this blasting, a quantity of rock was thrown on the plaintiff's abutting property to its damage. In holding the contractor liable for this damage, we said:

> "The cities and other municipalities may construct sewers and other similar improvements, and do so, as an exercise of their governmental functions, but it would scarcely require any citation of authority to establish that the city itself would not have authority, in the construction of a street, sewer, or other improvement, to destroy or injure the property of its citizens, without making just compensation, and one with whom the city contracts to do a public work is certainly not immune from damages for injuring or destroying private property in the prosecution of the work, as he could enjoy no more favored position than the city."

It results, therefore, from these considerations, that appellant's demurrer to appellee's petition was properly overruled.

Appellant next urges that its motion for a peremptory instruction should have been sustained. To this we agree. The proof shows that appellant did construct the turnpike and culvert in question, but after their construction it had no further control over them and had nothing to do with their maintenance. It is not shown that any overflow occurred while appellant had control or custody of the road. It is not shown that the culvert as constructed was not in accordance with the plans and specifications, if any, furnished by the county. There

was no taking of appellee's property until. an overflow occurred.

In Moore v. Lawrence County, *supra,* we also held that although a cause of action against a county for a "taking," as here, is barred after the lapse of five years, the cause of action accrues and the statute begins to run from the time it becomes reasonably apparent *that injury has resulted* from the completion of the structure which causes the taking.

If the cause of action does not accrue until there is a taking, it cannot run against him who at such time has no ownership in, custody of or control over the structure which then causes the taking, since it is apparent that he is not guilty of any "taking." Such, in effect, was our holding in the case of Pearson v. Zable, 78 Ky. 170.

As it was not shown that appellant had any ownership in, custody of or control over the road or culvert at the time of any of the overflows complained of, the court should have sustained its motion for a peremptory instruction.

The judgment is therefore reversed, with instructions to grant appellant a new trial in accordance with this opinion.

Whole court sitting.