## Logan County v. Davenport.

(Decided June 1, 1926.)

### Appeal from Logan Circuit Court.

1. Adverse Possession—Testimony in 1925 that Plaintiff and Those Under Whom he Claimed had Been in Possession of Land for 15 Years Held Insufficient to Show Adverse Possession for 15 Years in 1921.—Testimony in 1925 that plaintiff and those under whom he claimed had been in possession of land for 15 years held insufficient to show adverse possession for 15 years in 1921, when alleged damage was done.

2. Eminent Domain—Admission of Plaintiff's Testimony that Taking of Land by County had Damaged 65 Acres of His Land Besides that which he Had Alleged he Owned Held Error.—Admission of plaintiff's testimony that taking of land by county for road had damaged 65 acres of his land besides that which he had alleged he owned held error, since proof must be confined to what is alleged.

3. Eminent Domain—Where County Took Land for Road, Instruction to Allow Just Compensation Held Insufficient, and Proper Instruction Indicated—"Market Value."—Where county took land for road, instruction to allow just compensation was insufficient as giving no rule to guide the jury, and they should be told to allow reasonable market value of strip taken, considered in relation to entire tract, diminution in reasonable market value of rest of tract, and cost of additional fences and moving barn, but not exceeding difference between market value before taking and market value of remainder after taking; "market value" being sum which owner who desired, but was not compelled, to sell would take, and what purchaser who desired, but was not compelled, to buy would give for it.

4. Eminent Domain—Evidence as to Value of Timber Cut by County in Taking Land for Road May Only be Considered by Jury in Determining Value of Strip Taken.—Evidence as to value of timber cut by county in taking land for road may only be considered by jury in determining value of strip taken, since timber standing on strip was part of land.

5. Eminent Domain—County Held Entitled to Credit for Value of Timber Used by Landowner After it was Cut from Strip Taken.—As timber standing on strip for road was part thereof, and to be considered in determining its value, county held entitled to credit

for reasonable market value of timber used by landowner after it was cut from strip.

6.    Evidence.—To show title by adverse possession facts should be stated, and not merely conclusions of witness.

7.    Eminent Domain—Where One in Adverse Possession of Land Claimed to Marked or Well-Defined Boundary for 15 Years Prior to Taking by County, or Where it was so Held by Those Claiming Under Him or Under Whom he Claimed, County is Liable to Him for Taking.—Where one in adverse possession of land claimed to marked or well-defined boundary for 15 years prior to taking by county, or where it was so held by those claiming under him, or under whom he claimed, county is liable to him in damages for taking.

HUBERT MERIDITH, I. G. MASON and S. H. BROWN for appellant.

COLEMAN TAYLOR, R. W. DAVIS and W. V. PERRY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

C. G. Davenport brought this action against Logan county, alleging in his petition that in August, 1921, he was the owner of a tract of sixty acres of land in Logan county, described in the petition, and that the court then took possession of a portion of it for the purpose of building a public road and so cut up his land as greatly to depreciate its value, to the amount of a thousand dollars.   By an amended petition he alleged that the defendant cut certain trees and timber from the land to his damage in the sum of $500.00.   By a second amendment he alleged that the defendant destroyed his fencing and by reason of the taking of the strip and building of the road he was required to erect additional fencing at a cost of $175.00 and to make a fill to reach his land on the opposite side of the road to his damage in the sum of $200.00.   The allegations of the petition were denied and on the trial of the case the jury returned a verdict for the plaintiff in the sum of $250.00.   Logan county appeals.

The plaintiff did not show title to the land from the Commonwealth and only relied on title by adverse possession.   The only testimony as to adverse possession of the land is by the plaintiff and is in these words as to the sixty-acre tract:

"Q.   How long have you and the people through whom you claim been in possession of it?

"A. Fifteen or twenty years. About fifteen years.

"Q. Did you have possession of the property in 1921?

"A. Yes, sir.

"Q. You have been owning it to marked boundaries and claiming it all that time?

"A. Yes, sir."

The trial was had on May 27, 1925; the land was taken in August, 1921. The testimony that the plaintiff and those under whom he claimed had been in possession of it about fifteen years in 1925 did not show that this possession had existed for fifteen years before August, 1921. In addition to this the plaintiff only alleged ownership of the sixty acre tract, but was allowed to testify that he owned also a sixty-five acre tract adjoining the sixty acre tract and to state that the two tracts constituted one farm and also to state the depreciation in value of the whole farm by reason of the taking of the strip in controversy. The proof must be confined to what is alleged and under the allegations of the petition no damages could be recovered for any land except the sixty acres, which alone was described in the petition and alleged to be owned by the plaintiff. There was no evidence of adverse possession of the 65 acres.

The court by his instructions in substance told the jury if they found for the plaintiff to find for him such a sum as would be just compensation to him for the land and the timber taken, considering it in relation to the entire tract, including any additional fencing thereby rendered necessary, also just compensation for the direct damages, if any, resulting to the remainder of the tract by reason of the situation in which it is placed by the taking of the strip of land for the road; but not to exceed in all the difference between the actual value of the entire tract immediately before and the actual value of the remainder immediately after the taking. To tell the jury that they should award a just compensation is in effect to leave them to fix what in their judgment is a just compensation, without any rule to guide them in fixing it. On another trial the court will give this instruction:

"If the jury find for the plaintiff they will find for him the reasonable market value of the strip of land taken considered in relation to his entire tract, also the diminution, if any, in the reasonable

market value of the remainder of the tract directly resulting by reason of the situation and shape in which it is placed by the taking of said strip and the reasonable cost of moving the barn and making such additional fences or other improvements, if any, as are made necessary by the taking of the strip for the road; but the whole finding under this instruction shall not exceed in all the difference between the reasonable market value of the whole tract immediately before and the reasonable market value of the remainder immediately after the taking of the strip, deducting from both estimates any enhancement of the value of the remainder by reason of the building and use of the road.''

In Broadway Mining Co. v. Smith, 136 Ky. 725, the judgment was reversed for other reasons and this question was not considered.

The market value of land is that sum which the owner who desired to sell but was not compelled to do so would take for it, and what a purchaser who desired to buy but was not compelled to have it would give for it under the circumstances. The timber standing on the strip was part of the land and the evidence as to the value of the timber cut thereon may only be considered by the jury in determining the value of the strip taken. The defendants should be credited thereon by the reasonable market value of such of this timber as the plaintiff used after it was cut from the strip. On another trial the court will instruct the jury as above indicated.

To show title by adverse possession the facts should be stated, not merely the conclusions of the witness. The facts should be proved showing that the possession was actual and adverse. If the claimant lived on the land or in fact otherwise held it in actual adverse possession, claiming to a marked or well defined boundry, or it was so held by those claiming under him or under whom he claimed, then the possession extended to such boundary, and if it was continuous for fifteen years before August, 1921, the plaintiff may recover.

A number of other objections are made on the appeal, but they all relate to matters which will not probably arise on another trial.

Appeal granted and judgment reversed and cause remanded for a new trial.