## Harlan County, et al. v. Cole.

(Decided March 15, 1927.)

## Appeal from Harlan Circuit Court.

1. Eminent Domain—Owner Whose Property Was Taken by County Without Compensation for Public Use Could Recover Value of Property so Appropriated in Action Against County (Constitution, Section 242).—Property owner whose land was taken by county for purpose of widening roadway without condemnation proceedings or compensation could recover against county for value of property so appropriated, under Constitution, section 242, requiring counties to make just compensation for private property taken for public use; property owner's action being treated as appeal from assessment legally made in condemnation proceeding.

2. Counties—Owner Could Not Recover Against County for Trespass in Appropriating his Property for Road Purposes.—Property owner whose property county took in building roadway could not recover in action against county for trespass; sole remedy being by institution of suit for value of property appropriated.

3. Eminent Domain—In Action by Owner Against County for Taking Property for Road Without Compensation, Evidence as to Cost of Refilling Property Held Inadmissible.—In action by landowner against county for taking his property for public use for roadway without compensation, evidence as to amount of earth or stone required to fill up part of right of way and cost of doing such work held incompetent; measure of damages being value of land taken and resulting damages to residue of tract.

4. Eminent Domain—Measure of Damages for Taking Property for Roadway is Market Value of Strip Taken, Considered in Relation to Diminution or Enhancement of Value of Residue of Tract.—Measure of damages for taking of property for public use for roadway is reasonable market value of strip taken, considered in relation to residue of tract in diminution of market value of residue directly resulting, not to exceed, however, difference between market value of entire tract immediately before and im-

mediately after taking of strip, deducting any enhancement in value of remainder by reason of building and use of road.

5. Eminent Domain—Constitution Requiring Damages for Taking Property for Public Use to be Assessed by Jury Necessitates Unanimous Verdict of Jury of 12 Members (Constitution, Section 242).—Constitution, section 242, providing damages for property taken for public use must be assessed by jury according to course of common law, requires unamious verdict of jury of 12 members; action against county for taking property for public use without instruction that 9 jurors might return verdict being erroneous in compensation.

GEORGE R. POPE, for appellants.

LYTTLE & MORGAN, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

About the year 1923, the state highway commission let a contract to the Carson Construction Company to grade and drain a five-mile section of the Pineville to Harlan state highway. The particular section covered by the contract was between Emerling and Harlan. Under the law it was incumbent on the county of Harlan to furnish a right of way 60 feet wide. The county owned the right of way 30 feet wide, running north and south parallel with the east side of the Louisville and Nashville Railroad, and fronting on a two-acre tract of land belonging to the appellee. The two-acre tract of land belonging to appellee fronted on the highway 260 feet. The appellee and the county of Harlan had some negotiation looking to the obtaining by the county of a 30-foot strip of land from the two-acre tract so that the right of way would be 60 feet wide. The county, so it appears from this record, without any right or authority, took the strip of land 30 feet wide and 260 feet long from appellee. This suit was instituted by appellee against the Carson Construction Company, which did the work on the road, J. W. Walker, described as the state road engineer, who, perhaps, represented the state in looking after the construction, and Harlan county. The suit is to recover damages for the trespass upon the property of appellee by the contractor, the engineer and the county. The case was tried in the Harlan circuit court and resulted in a verdict in favor of appellee for $1,000.00.

The Carson Construction Company was not before the court and no judgment was entered against it. Harlan county filed an answer in which it denied everything

alleged in the petition, even to the extent of denying that there was any such county as Harlan. Walker, whose name appears as J. B. Walker in some parts of the record and J. W. Walker in other parts, filed an answer in which he denied that appellee was the owner of the land so taken by the county and denied the trespass. He alleged that he was the local engineer for the state highway commission and that he had no connection with the construction of the road other than to see that the road was built according to the plans and specifications. Before the beginning of the trial it was agreed that appellee was the owner of the land in question and that the county of Harlan took a strip of his land 30 feet wide and 260 feet long. The evidence offered by appellee to support his cause of action is difficult to understand. He testified that a long ditch had been cut out of his land 30 feet wide and 260 feet long and that he had tried to fill it up. Over the objection of the county attorney he was permitted to testify as to how many cubic yards of earth and stone it would require to fill up what he denominated a ditch. He stated that it would cost at least $1.00 per cubic yard to get the dirt replaced on the roadway which had been so taken by the county. He was asked about the value of the land which was taken and stated that it was $1,500.00, and that he included in that amount the damage to the residue of the tract. Appellee introduced other witnesses who testified along the same lines as he testified. Some of the other witnesses undertook to say that the two acres of land belonging to appellee could be divided into good building lots, but the land is four miles from Harlan and there could not be much demand for building lots that far in the country at this time. Some of the other witnesses place the value of the land taken, including the damage to the residue of the tracts, at $1,250.00. It is also in proof that appellee paid $2,350.00 for the two acres when he bought it a few years before the right of way was taken from him. Some of the witnesses place the damage at $260.00, that is $1.00 per front foot.

Complaint is made about the admission of evidence alleged to be incompetent, and also about the instructions given by the court. Before we can determine the availability of the complaint it is necessary to determine the nature of the suit. It was not proper for Harlan county to take this strip of land except by condemnation proceedings, or purchase, or with the consent of appellee. The

county of Harlan is one of the integral parts of the state of Kentucky, and the state should always be jealous of the rights of its citizens and should not appropriate their property in such a high-handed way. The right of way for this road has been taken by Harlan county and has been appropriated permanently to its own use. There is just one way that a county can take land for its own use and that is by making just compensation to the owner in the manner provided by law. The county being an arm of the state ordinarily it cannot be sued by a citizen for its wrongs or its dereliction of duty.

Section 242 of the Constitution gives to municipalities, which includes counties, the privilege of taking private property for public use, but requires the municipality to make just compensation for the property so taken, injured or destroyed. This compensation under this constitutional provision shall be paid before such taking, or if not paid, it must be secured. The amount of damages shall in all these cases be determined by a jury according to the course of the common law. Here we have a case where the county did not proceed in accordance with the legislative requirements to condemn property. It did not make just compensation to the owner before taking the property, and neither did it provide for the security of compensation to the owner. Can it be said that the owner is without remedy because the county wrongfully appropriated his property? We think not. The Constitution in the section before mentioned provides in part:

> "The general assembly shall not deprive any person of an appeal from any preliminary assessment of damages against any such corporation or individual, made by commissioners or otherwise; and upon appeal from such preliminary assessment, the amount of such damages shall, in all cases, be determined by a jury, according to the course of the common law."

In this case there was no assessment of damages against the county by commissioners or otherwise. The appellee had no way to bring about such an assessment. His only remedy was the institution of a suit against the county for the value of the property so appropriated. He could not institute such a suit against the county unless the action of the county in taking the property be treated as the taking of private property for public use under

section 242 of the Constitution. His action, therefore, must be treated the same as if it had been an appeal from an assessment legally made in a condemnation proceeding after trial before a jury in the county court as provided by law. It follows that his case when tried in the circuit court should have been tried under the law governing such appeals.

The case of Black Mountain Corporation v. Houston, 211 Ky. 621, is conclusive of the right of appellee to maintain an action under the provisions of section 242 of the Constitution. The taking of the property under the circumstances shown in this record was the taking of private property within the meaning of that section. The case of Letcher County v. Hogg, 209 Ky. 182, is another case where it was held that the county might be held liable under the provisions of section 242 of the Constitution for taking private property for public use. To the same effect is the case of Moore v. Lawrence County, 143 Ky. 448. Where the taking is done by a contractor, the county is nevertheless liable if the property was taken for the use of the county under the authority and with the consent of the county. It was so held in the case of Adams & Sullivan v. Sengel, 177 Ky. 535.

In the case of McDonald v. Powell County, 199 Ky 300, we find the same state of facts as exist in the case at bar. In that case the plaintiff sought to recover for trespass just as in this case, and it was argued that the county was not liable for the tort of the contractor. The court found that such would be true if the case was one of trespass, and then said:

"But we do not so understand the case. It is true that a trespass is charged, but the gravamen of the action is the appropriation of appellant's land to public use."

In the case at bar the county had appropriated the land to a public use and the state now has full control and possession of the road, maintaining it for public use. The law places the burden of obtaining rights of way for public use upon the county, and the fact that it obtained the right of way in this instance illegally makes it none the less the appropriation of appellee's land. In concluding the opinion in the McDonald case, *supra,* the court said:

"This action is for a direct taking of property for public use without compensation. We think the

same rule applies in both cases and that this action may be maintained, the measure of damages being the same as in condemnation proceedings in the establishment of a public road."

The evidence as to the earth or stone that it would take to fill up that part of the right of way from which dirt was taken and the cost of doing the work was wholly incompetent, as that is not an element to be considered in arriving at the value of the land taken by the county and the resulting damages, if any, to the residue of the tract.

The instructions are erroneous, and on another trial the court, in lieu of the instructions given, will give this instruction:

"If the jury find for the plaintiff they will find for him the reasonable market value of the strip of land taken, considered in relation to his entire two tracts, also the diminution, if any, in the reasonable market value of the remainder of the tract directly resulting by reason of the situation and shape in which it is placed by the taking of said strip; but the whole finding under this instruction shall not exceed in all the difference between the reasonable market value of the whole two-acre tract immediately before and the reasonable market value of the remainder immediately after the taking of the strip.

This is, in substance, the form of instruction approved in the case of Logan County v. Davenport, 214 Ky. 845. In so far as that instruction differs from the above it is erroneous. Broadway Coal Mining Co. v. Smith, 136 Ky. 725.

Counsel for appellants insist that the instruction given by the court allowing less than the twelve jurors to find a verdict, if nine or more agreed to it, was erroneous. Section 242 of the Constitution plainly says that the damages for property taken for public use must be assessed by a jury according to the course of the common law. This necessarily must be a unanimous verdict of a jury of twelve members. The common law requires the concurrence of all the members of a jury of twelve to return a verdict. In the case of L. & N. R. R. v. Lang, 160 Ky. 702, the court held that it required a unanimous verdict of a jury of twelve in condemnation proceedings, and

that case has been lately approved in the case of City of Hazard v. Combs, 213 Ky. 750.

Judgment is reversed and cause remanded for proceedings consistent with this opinion.