## Wayne County et al. v. Elk Spring Valley Turnpike Company.

(Decided February 21, 1930.)

(As Modified, on Denial of Rehearing, May 9, 1930.)

DUNCAN & BELL and J. M. KENNEDY for appellants.

E. BERTRAM for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing n part.

For a number of years prior to 1926 the appellee owned, maintained, and operated a toll turnpike extending from Monticello, the county seat of Wayne county, a distance of five miles toward Whitley City. It is one of the main traveled highways in Wayne county. One-half mile of the turnpike was located within the corporate limits of Monticello, which is a city of the fifth class. Elk Spring creek flows through the city of Monticello, and the turnpike crosses the creek. For a number of years the turnpike company maintained a wooden bridge across Elk Spring creek, but in 1918 or 1919, deeming the old bridge unsafe and inadequate to carry the increased traffic, it constructed a steel bridge across the creek on a new right of way and above the old wooden bridge.

In 1926 the state highway commission determined to construct a state highway from Monticello to Whitley City, and threatened to condemn appellee's property. Negotiations for the sale of its property were initiated and resulted in a sale of that portion of the road, being four and one-half miles, outside the corporate limits of Monticello. The state highway commission refused to take title to the one-half mile of road located within the corporate limits of the city. The tollgate house was removed, and the turnpike company had no means of collecting compensation for the use of the unsold portion of its road. Mr. Joe Brown, a representative of the turnpike company, went before the city council of Monticello and the fiscal court of Wayne county and offered to sell to the city and county the steel bridge over Elk Spring creek. These bodies not only refused to enter into negotiations for the purchase of the bridge, but the city officials notified Brown that, if the turnpike company attempted to remove the bridge, it would be enjoined. Thereupon the turnpike company brought this suit against Wayne county and the city of Monticello to recover the value of the bridge, alleged to be $3,000. On the trial of the case the jury returned a verdict for the plaintiff in the sum of $800, and, from the judgment entered thereon, defendants have appealed.

The county and city seek to avoid liability on the ground that they cannot be held liable on an implied contract, and they rely upon Rowe v. Alexander, 156 Ky. 507, 161 S. W. 508, and similar cases, in which it is held that one who has improved the property of the city or

county, without authority or express contract, cannot recover for such improvement, but that is not this case. Here the city has taken possession and control of appellee's property. It not only notified ·appellee not to remove the bridge, but it widened the approaches to the bridge, and is asserting the right of the public to use it.

In its petition the plaintiff averred that it sold and conveyed that part of its road outside the corporate limits of Monticello to the state highway commission, but the highway commission refused to purchase the bridge or any part of the one-half mile of road within the corporate limits of the city. The city in its answer admitted the sale of the road to the state highway commission of Kentucky, but denied the highway commission had refused to pay for the bridge or the one-half mile of road within the corporate limits of the city of Monticello. Its denial of a conversion of the bridge by it is clearly based on the assumption that the bridge and one-half mile of road became a part of its system of streets upon the sale of the road by plaintiff. An examination of the pleadings and evidence discloses that the city authorities proceeded on this assumption and for that reason refused to negotiate with plaintiff for the purchase of the bridge. A member of the city council testified that the attorney representing the city advised the board of councilmen that the city would have to buy the bridge, but they "told him no, that the State had taken that over and it reverted back to the council."

That the bridge over Elk Spring creek was the property of appellee at the time it conveyed four and one-half miles of its road to the state highway commission is not disputed, and, while an effort is made to show that the city has not converted the bridge to its use, the evidence, when read in the light of the pleadings, conclusively shows that it has taken possession and control of it. It did not proceed in accordance with the legislative requirements to condemn property, and made no just compensation to the appellee before taking its property, and the company's only remedy was the institution of a suit against the city for the value of the property so appropriated. The facts of the case bring it within the rule announced in Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501, where it was held that a property owner, whose land was taken by a county for road purposes without condemnation proceedings or compensation, could recover against the county for the value of the

property so appropriated, under section 242 of the Constitution, which requires municipalities to make just compensation for private property taken for public use. Also see Letcher County v. Hogg, 209 Ky. 182, 272 S. W. 423, and McDonald v. Powell County, 199 Ky. 300, 250 S. W. 1007. However, no evidence was produecd to show that the county has taken possession of the bridge or is asserting any right thereto. The fiscal court merely refused to enter into any negotiations for its purchase. It follows that the county's motion for a peremptory instruction in its favor at the conclusion of the plaintiff's evidence should have been sustained. It has been held that a county may in certain cases be required to construct or aid in the construction of a bridge, although it might be lying within the city limits. City of Pineville v. Robbins, Judge, 232 Ky. 218, 22 S. W. (2d) 607; City of Flemingsburg v. Fleming County, 127 Ky. 120, 105 S. W. 133, 32 Ky. Law Rep. 11; Leslie County v. Wooten, 115 Ky. 850, 75 S. W. 208, 25 Ky. Law Rep. 217. Whether or not the county should contribute to the cost of the bridge in this case is a question not presented by the record.

It is also insisted that the trial court erred in refusing to submit to the jury the question as to whether or not there had been a conversion of the bridge by the city. The only question submitted to the jury was the value of the bridge. While the city attempted to deny in its pleadings that there had been any conversion of the bridge, there was no evidence to support its allegations to that effect. On the other hand the evidence showed that the city had taken possession of the bridge and was asserting the right of the public to use it and denying the right of appellee to exercise any dominion over it.

It follows that the trial court did not err in confining the instructions to the value of the property taken. Therefore, the judgment as to the city of Monticello is affirmed, and as to Wayne county it is reversed.