## Mercer County et al. v. Ballinger.

(Decided March 20, 1931.)

C. E. RANKIN and ROY E. GRAVES for appellants.

E. H. GAITHER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee owns a lot in the unincorporated town of Salvisa abutting on the state highway between Harrodsburg and Lawrenceburg. The appellants, Ben W. Gorham & Co., are contractors who constructed the road under a contract with the state highway commission. Mercer county owned the old right of way and took no steps to condemn the additional land required for the construction of the new highway, but entered into an agreement with Gorham and Co., by the terms of which it agreed to indemnify the contractors against all loss growing out of the construction of the road on account of the use of land, the title to which had not been acquired by the county. The contract provided, however, that the county should not be liable for any injuries caused by the negligence of the contractors.

Appellee's property was lower than the old road and the slope of the land was such that the water from the road and the lots south of her property drained onto her lot. The county had constructed a line of pipe through her property to carry off the water from the old road. When the new road was constructed a narrow strip of ground along the old right of way was actually taken, but the line of pipe was not interfered with. She owned a garage which stood on the margin of the old road, and this she was required to move back about fifteen feet. During the construction work the line of pipe became clogged, and on one occasion water overflowed her lot and passed into the cellar of the house. She brought this action against the county and contractors alleging that the grade of the road in front of her property was raised; that the approach to her garage was destroyed, and that she was deprived of the use and rental thereof for a period of 18 months; that the defendants took possession of a portion of her land and appropriated it to the use of the county, and that the grade of the road was raised so as to cast a large quantity of water on her lot, all to her damage in the sum of $1,000. She recovered a judgment for $400, and the county and contractors filed a motion for an appeal. Grounds relied on for reversal of the judgment are alleged errors in the instructions.

The instructions erroneously authorized the jury to find for the appellee the rental value of her garage during the time she was kept out of the use of it by reason of the taking of the strip of land off the front of her lot.

They also authorized the jury to find for her such damages as she had sustained from the injury to the walls of her house and by the washing of her garden if they believed from the evidence that water overflowed her property as a result of the construction of the road.

Highways cannot be constructed without inconvenience to the owners of adjoining lands, and it does not appear that appellee's access to the road was unnecessarily or unreasonably interferred with. No grounds are shown for the recovery of the rental value of the garage during the construction of the road. It was also error to give a separate instruction authorizing a recovery for injury sustained by reason of water being thrown on appellee's property as a result of the construction of the road. The sole instruction authorized was the usual instruction in condemnation proceedings.

Where a county takes private property for public use without compensation, it is liable under section 242 of the Constitution in an action by the owner for damages, and such an action will be treated as though there had been an appeal from an assessment legally made in condemnation proceedings after trial before a jury in the county court as provided by law. Letcher County v. Hogg, 209 Ky. 182, 272 S. W. 423; Webster County v. Lutz, 234 Ky. 618, 28 S. W. (2d) 966; Reed v. Ben W. Gorham & Co., 233 Ky. 215, 25 S. W. (2d) 377; Terhune v. Ben W. Gorham & Co., 229 Ky. 229, 16 S. W. (2d) 1060; Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501; Black Mountain Corporation v. Houston, 211 Ky. 621, 277 S. W. 993; McDonald v. Powell County, 199 Ky. 300, 250 S. W. 1007.

The appellants offered an instruction substantially conforming to the instruction directed to be given in Logan County v. Davenport, 214 Ky. 845, 284 S. W. 98, but this instruction was disapproved in Harlan County v. Cole, supra. On another trial the court, in lieu of the instructions given, will give an instruction similar to the one approved in Harlan County v. Cole, supra. An instruction in this form has also been approved in the following cases: Louisville & Nashville Railroad Company v. Hargis, 230 Ky. 806, 20 S. W. (2d) 991; Himlar Coal Company v. Kirk, 224 Ky. 383, 6 S. W. (2d) 480; Broadway Coal Mining Company v. Smith, 136 Ky. 725, 125 S. W. 157, 26 L. R. A. (N. S.) 565. All questions not discussed are reserved.

Motion for an appeal is sustained, appeal granted, and the judgment reversed, with directions to grant appellants a new trial and for further proceedings consistent herewith.