## City of Whitesburg v. Lewis.

(Decided June 19, 1934.)

J. L. HAYS for appellant.

HOGG & MOORE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Alleging that he was the owner of and entitled to the immediate possession of a small tract of land situated in the town of Whitesburg, which the city had appropriated and converted into a public street, and at the same time had torn down a stone wall and otherwise injured his property, James P. Lewis brought this suit against the city to recover the land and damages for injury to his property. In addition to a denial of ownership, the city pleaded that the land had been dedicated as a public highway, and that the injury to the remainder of plaintiff's property occurred more than five years before the bringing of the suit. By agreement of the parties the cause was submitted solely on the question of ownership and right to possession, and the court adjudged that plaintiff was the owner and entitled to the possession of the land. The city appeals.

The facts disclosed by the record are these: Judge Lewis owned a piece of property in East Whitesburg that abutted on the thoroughfare leading from Whitesburg to the eastern section of the county. About the year 1921 the county judge and fiscal court changed the road abutting the Lewis property, and made a considerable excavation for the purpose of straightening the road. In doing this the county officials took a small portion of the property and tore down a stone wall in front of the property. In the year 1924 the city improved the street as so changed and took additional property. Judge Lewis protested against the action of the city, but said that he would not enjoin.

As the circuit court confined its decision solely to the question of ownership and right of possession, and did not pass on the question of limitation, that question is not before us.

The principal contentions of the city are that the strip of land was dedicated to the public use, and that although the judgment of ownership may have been

proper, it was error to adjudge that appellee was entitled to the immediate possession of the property.

The evidence shows that although appellee stated that he would not enjoin, he did protest against the action of the city in appropriating the land and improving it for street purposes. The most that can be said is that he suffered the city to take and improve the land for street purposes, but did not waive his right to compensation.

One whose land has been taken for public use may recover compensation under section 242, Constitution, and where, as here, the land is taken for street purposes, and money for its improvement is expended, and no action is taken by the owner to prevent the taking or improvement, we conclude that the owner is not entitled to recover the property, but that an action for damages is his sole remedy. Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501. It follows that so much of the judgment as adjudges appellee entitled to the possession of the property is erroneous. On the return of the case the court will so modify the judgment.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion. The costs will be equally divided between appellant and appellee.