# Commonwealth et al. v. Powell et al.

(Decided Feb. 22, 1935.)

G. R. BLACKBURN for appellants.

J. E. CHILDERS for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

In building a highway from Pikeville to Elkhorn City, in Pike county, Ky., the proposed route selected by the engineers carried the highway through the lands owned by M. H. Powell, his wife, and Jim Powell. Upon a failure of the parties to agree on an amount which would compensate them for the lands taken and damages occasioned by the taking, condemnation proceedings were begun to obtain the necessary way through their land. Commissioners were appointed, and in due time made a report by which they awarded to appellees $450 for land actually taken, and $50 for fencing and incidental damages.

The appellees, being dissatisfied, filed exceptions to the commissioner's report, and a jury was impaneled and a hearing was had on the exceptions, resulting in an award by the jury in the sum of $800 for appellees. The appellees, still showing evidence of dissatisfaction with the jury's award, took an appeal to the circuit court, and, upon a hearing there, the jury increased the allowance to $1,500. From a judgment of the circuit court awarding said amount, the county appeals.

Two grounds upon which appellants contend that it was entitled to reversal of the judgment are: Error of the court in overruling appellant's motion for a continuance, and that the verdict of the jury is excessive.

Taking up for consideration the first ground relied upon, we find that the case was called for trial in the circuit court on the 9th day of April, 1932, whereupon appellant by counsel moved the court to continue the case because of the absence of certain witnesses.

Since the case must go back for trial, it is deemed unnecessary to discuss the first ground further than to say that the court did not abuse a sound discretion in denying the motion since the affidavits were admitted as the depositions of the absent witnesses.

On the second contention, that is, excessive damages, a resume of the proof as to value will be necessary. On this point the proof shows that appellees owned approximately 2 acres of land just beyond the corporate limits of Elkhorn City, a town placed in the classification as a fifth class city. The land was level, and according to the proof, was of such character as was susceptible of being used for building lots, but the proof failed to show any demand for such lots. It had upon it a moderate frame dwelling house of eight rooms, one story high. The building of the road took a washhouse, coalhouse, and some of his fencing. The building of a fill left his house on one side of the fill and the barn on the other, and in getting from the house to the barn, or vice versa, he had to go over the fill or through a culvert.

Mr. Powell testified that since the completion of the road "in dry weather the dust blows down and settles right down in my building. In dry weather I try to keep the dust out, and in wet weather it keeps me busy trying to keep the mud out." He further says that his house was left very close to the right of way, leaving one corner of it a few feet in the right of way, and that they took his back porch. Mr. Powell testified that he thought the fair market value of his property immediately before the taking was about $4,000, and that the fair market value immediately afterwards was about $2,000. He was required to expend less than $15 for rebuilding fence.

Several other witnesses appeared in behalf of ap-

pellees who did not go into details as to the condition of the property before and after the taking, but in the main gave their opinions as to the difference in value before and after the taking. Fred Martin fixes the comparative values at $6,000 and $1,500; Crockett Sloane fixes them at $3,000 and $1,000; and George Thompson at $2,500 and $1,000. Thus there appears quite a difference of opinion as to the relative values. None of the witnesses showed exceptional qualifications on values of real estate. However, we note that on cross-examination Mr. Powell says that for the year in which the land was sought to be taken his property was assessed at about $800, the land at $300 and the improvements at $500, and explains that the property came to him through his father, and he had continued to assess it as his father had; his expressed theory of his duty being that "every man tried to get through with just as little as he can in paying taxes. If he can get shut of half of them he will do that." It is useless to go into details as to the proof of values, since this is one of that character of cases wherein the court is struck at first blush with the belief that the amount allowed the appellees is excessive.

The strip of land taken, accepting Mr. Powell's testimony, was 60 feet wide and ran for a distance of 166 feet. The quantity taken was .27 of one acre, just a fraction more than one-quarter. The original tract was about 2 acres. At the rate paid for the small portion taken and the actual damages caused by the taking thereof, the tract would have a value of over $12,000.

In the case of Commonwealth, by State Highway Commission, v. Combs, 229 Ky. 629, 17 S. W. (2d) 748, 750, wherein appellee had been awarded $7,500 for 1.394 acres of land, the proof showed the exposed surface was .871, and the remainder of the above-named area covered by waters of the Kentucky River, and that the whole tract of land owned by appellees was about 200 acres, assessed in the year in question at $5,000. In this case the question discussed was whether or not evidence of the assessed value was properly admissible. The court held that it was, and, in making comment on the effect of such valuation for assessment by appellee, in connection with the damages awarded by the jury, this court said:

134

"It would be extremely unfair to say that defendants, after fixing themselves the value of their farm so as to reduce their taxes [being their contribution to the public treasury] should not be confronted therewith when they seek to take from that fund the damages to the same property resulting from appropriating a small fractional part thereof for the public purpose of constructing a highway. At first blush it would appear to be unfair and inequitable to allow them, under such circumstances, to take such diametrically opposed position affecting the public treasury."

See, also, Franklin County v. Bailey, 250 Ky. 528, 63 S. W. (2d) 622; Commonwealth v. Combs, 244 Ky. 204, 50 S. W. (2d) 497.

Further comment on this feature of the case will not be made, since upon an inspection of the instructions, it is concluded by the court that the second instruction as given by the court is erroneous, and on another trial should be omitted. By that instruction the court advised the jury that they might consider advantages and disadvantages, such as might be reasonably anticipated to result to the property by the prudent construction and operation of the road through appellee's land, and further told the jury if they should find that the disadvantages outweighed the advantages, "you should allow the defendants, in addition to the amount allowed under the first instruction, what you may believe from the evidence will remunerate the defendants therefor."

The second instruction does not correctly state the law with regard to such damages as may be awarded to one where land is taken under section 242 of the Constitution, for public purposes.

In the first place, the county would in no wise be liable for damages by reason of dust being thrown upon appellee's house by automobiles passing along on the highway, nor for water caused to be thrown on the land by the construction of the highway. It must be remembered that the county in no sense operates a state highway, and therefore should not be called upon to respond in damages occasioned by its use. On this point see the case of Broadway Coal Mining Co. v. Smith, 136 Ky. 725, 125 S. W. 157, 26 L. R. A. (N. S.)

565, which is a very exhaustive treatise on the subject of condemnation proceedings. See, also, Franklin County v. Bailey, supra; Mercer County v. Ballinger, 238 Ky. 120, 36 S. W. (2d) 856; Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501; and particularly Commonwealth v. Combs, 244 Ky. 204, 50 S. W. (2d) 497, in which it is clearly expressed that in taking the land for highway purposes the award should be the difference between the fair market value immediately before and immediately after the taking. The court should not direct the jury to offset actual damages by advantages to the remaining portion of the tract by the building or operation of the highway.

By an inspection of the record it is ascertained that instruction No. 1, as given in the instant case, is nearly a verbatim copy of instruction No. 1 as laid down by this court in Commonwealth v. Combs, supra. It has in form and substance been approved in Harlan County v. Cole, supra, Broadway Coal Mining Co. v. Smith, supra, and in other cases. In proceedings seeking to condemn land for use of a public highway, the court below and other courts cannot err in following the instructions mentioned. Upon a retrial of this case the court will give instructions as were given in the case of Commonwealth v. Combs, 244 Ky. 204, 50 S. W. (2d) 497.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.