**Alexander BIRDSONG and his wife, Hulda Birdsong, Appellants,**

**v.**

**COMMONWEALTH OF KENTUCKY, DEPARTMENT OF HIGHWAYS,**

**Appellee.**

Court of Appeals of Kentucky.

June 3, 1960.

Terrell, Schultzman & Hardy, Paducah, for appellants.

Haden Owens, Wickliffe, for appellee.

MOREMEN, Judge.

Appellants Birdsong have appealed from a judgment entered on a verdict in a condemnation suit on the ground that incompetent evidence was introduced at the trial which resulted in an award which was not just compensation to them for the land taken.

Appellants own about 26 acres of land on a highway between the towns of Monkey's Eyebrow and Oscar. About one acre of the tract is located on one side of the old

road, leaving about 25 acres of farming land on the opposite side. On the one acre tract are a residence, barn, smoke house, and other small buildings. Under the proposed rerouting, the new highway right-of-way follows a course taking in appellants' home site and all buildings, except a portion of the barn. The land not taken consists of an unimproved tract of approximately 25 acres across the road.

The commissioners appointed by the county court awarded appellants compensation in the sum of $2,378. They appealed to the circuit court and upon trial the jury fixed the value of the property taken at $1,633.

The record discloses the usual difference between the testimony of the witnesses introduced for appellants and those for appellee. The witnesses for appellants fixed the difference between the reasonable market value of the land immediately before the taking and immediately afterwards at an average figure of about $4,000. Witnesses in behalf of the Commonwealth placed it at a lesser sum.

■ Appellants objected to the testimony given by appellee's witnesses as to the cost of removing appellants' house, barn, and other buildings to the opposite side of the highway. It appears that the ground on the side of the highway where the untaken portion of the land is situated is low ground and it might be necessary to fill it before it would be suitable for the location of a house. It is not shown that the Commonwealth had given or sold the improvements to the appellants or even that they would have the right to remove them. We believe it was prejudicial error to admit such testimony.

Appellee relies on Logan County v. Davenport, 214 Ky. 845, 284 S.W. 98, to support its position that evidence in regard to moving fences and a barn or other improvements is competent. The opinion makes it plain that such evidence is competent only when considered in connection with the diminution, if any, in the reasonable market value of the remainder of the tract after the strip is taken.

In the recent case of Greenup County v. Redmond, Ky., 335 S.W.2d 335, it was said:

"The general rule of law is that the costs of fencing and other improvements necessitated by the taking of a portion of an owner's property may be proved and considered as bearing on the diminution in the market value of the portion not taken, but are not allowed as separate and specific items of recovery. 29 C.J.S. Eminent Domain § 164, p. 1035 et seq.; Nichols, Eminent Domain (3d ed.), Vol. 4, §§ 14.-24321, 14.247; Lewis Eminent Domain (3d ed.), Vol. II, §§ 737, 739. See also annotation, 10 A.L.R. 451 et seq."

Here, a converse situation is presented. This evidence was not offered by the landowner to show diminution of the value of the untaken land. It was offered by the condemnor, apparently under the impression that when land is taken under the right of eminent domain it does not include the buildings attached to the realty and that the landowner is under duty to remove the improvements to some other place, and the measure of damages after that is done is the difference between the market value of the surface of the strip taken plus the cost of removing and relocating the buildings elsewhere.

■ We have often said that the measure of just compensation under the exercise of the right of eminent domain is the difference between the market value of the entire tract of land immediately before and the market value of the remainder immediately after the taking of the particular strip.

We have admitted evidence concerning unusual resultant damages, but have not allowed specific recovery on such items. We have found no case that permits the condemnor to condemn the surface under the buildings and require the former owner

of the land to move improvements to another location and then pay to the landowner only the cost of the surface plus moving costs.

We think the evidence admitted was clearly prejudicial and the judgment is therefore reversed.