Layman v. Beeler, &c.

---

CASE 32—ACTION BY WILLIS LAYMAN AGAINST GEORGE BEELER, &c. TO RECOVER DAMAGES FOR INJURY TO LAND.—APRIL 30.

## Layman v. Beeler, &c.

APPEAL FROM LARUE CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

COUNTIES—LIABILITY FOR TORTS—INJURY TO LAND IN CHANGING GRADE OF ROAD—PERSONAL LIABILITY OF AGENTS FOR TORTS.

Held: 1. An action for tort does not lie against a county unless it be authorized expressly or by necessary implication of statute.

2. Under Const. section 242, providing that "municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them; which compensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual before such injury or destruction,"—a county is liable for injury to adjacent lands in changing the grade of a road.

3. Where a county is liable for injury done to adjacent lands in repairing a road, its agents, doing the work under appointment of the fiscal court, are also liable.

J. P. O'MEARA, ATTORNEY FOR APPELLANT.

- Appellant filed a petition in the Larue circuit court alleging that he was the owner of a tract of land in said county through which passed a county road dividing his land in two

equal parts and that the county of Larue and the other defendants had dug ditches and erected embankments so as to prevent him from crossing the road or approaching his house or other buildings and gates.

The county filed a general demurrer to the petition which the court sustained, and appellant declined to plead further and his petition being dismissed, he appeals. The only question in this case is, is the petition good against the county? My brothers contend that a county is not liable for a tort.

Our contention is that, under section 242 of the present Constitution, a county is liable for *taking, injuring* or *destroying private property*.

The words *injured or destroyed* do not occur in the old Constitution, only the word *taken* is there used.

Under the former Constitution, if the county had *taken* property for a public road without making compensation, its action would have been absolutely void, and all its officers and agents would have been wrongdoers. Under the present Constitution, section 242, *injuring* and *destroying* are put on the same footing as *taking*. Compensation, therefore, must be paid or secured to be paid before the injury or destruction; if not so paid or secured, then those injuring or destroying are wrongdoers, *ab initio.*

## QUESTIONS AND AUTHORITIES.

1. The demurrer of the county should have been overruled. Constitution of Kentucky, sec. 242; Constitution of 1849, Bill of Rights, 14; E. & P. R. R. v. Helms' Heirs, 8 Bush, 681; Weir v. O. & N. R. R. Co., 14 Ky., 875 and kindred cases cited by appellees are not in point. 22 Ky. Law Rep., 664; Tiedeman on Municipal Corporations, 330.

2. Damage will be presumed from the doing of an act positively forbidden and plaintiff was entitled as a matter of law to at least nominal damages. Hale on Damages, page 15; Ashby v. White, 2 Ld. Raym., 955; Webb v. Portland Manufacturing Co., 3 Summ., 189; Fed. Cases; Mechem Cas. Dam., 3.

SAM Y. JONES, COUNTY ATTORNEY FOR LARUE COUNTY.

Section 242 of our present Constitution reads as follows:

"Municipal and other corporations and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them, which compensation shall be paid before such taking, or paid or secured at the election of such corporation or individual, before such injury or destruction."

Layman v. Beeler, &c.

It does not appear that counties are embraced in the words, "municipal and other corporations." We can perceive no material change in the present Constitution and the one of 1850, and under that of 1850 it has been repeatedly held that counties are a branch or arm of the State government, and that they are no more liable to be sued for the negligence of their officers than the State.

We can nowhere find any statute authorizing such a suit as this, or imposing any liability on a county for the wrongful acts of its officers or agents.

A. & E. Ency. of Law, 359; 91 Ky., 168; Downing v. Mason County, 87 Ky., 208; 10 R., 105; Shephard v. Pulaski County, 13 R., 672; Sup. Ct., Iowa, 1 R., 200; Sup. Ct. Ill., 1 R., 198

O. M. MATHER & CHAS. F. CREAL, FOR APPELLEES, GEORGE BEELER AND ANDREW WALTERS.

These appellees, in their answer after admitting that they entered upon the highway and cut down, graded and gravelled the hill adjacent to appellant's premises, say:

"That these are the acts and happenings complained of in the petition, and that each and every act done by them was such and only such as had been authorized by the fiscal court, and was for the improvement of the county road."

The court below held, on demurrer, that the county was not liable, and gave the jury the following instruction, No. 3: "If the jury believe from the evidence that the defendants were appointed by the fiscal court to grade, gravel and cut down the hill adjacent to the plaintiff's premises, and that in doing said work, the defendants used due and proper care and did no other or greater damage to plaintiff's property than was necessary to complete the work which they were appointed to do, then the law is for the defendants and the jury should so find."

The argument of counsel for the appellant that the action of the fiscal court in directing this work to be done, can have no force except upon the idea that the county is a municipal or other corporation. We fail to find in the debates of the last constitutional convention, any intimation that section 242 of the present Constitution was intended to embrace counties. Prior to the adoption of the present Constitution it was held that counties are not corporations, but subordinate political divisions, and that no liability existed upon the part of a county unless it was authorized expressly or by necessary implication of statute.

Provision is made in our statutes for compensation for taking lands for new roads, or for change in existing roads or for drains

from county roads over private property. But we conceive it
to be the true principle of law, that when a road has been once
opened by the county, the citizen can recover no damages by rea-
son of injury to his property by any improvement in the high-
way, so long as the improvement is confined to the road it-
self and there is no trespass on the lands of the citizen.

### CITATIONS.

Constitution, sec. 242; Pool v. Atkisson, 1 Dana, 112; Kentucky
Statutes, secs. 4306, 4339; Weir v. O. & N. R. R. Co., 14 R.,
875; Downing v. Mason. County, 87 Ky., 208; Henderson v.
Winstead, 58 S. W., 777.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant was the owner of a tract of land in Larue
county through which was located a county road. This
road divided appellant's land into two parts of about equal
size. It existed in that condition, and upon the
grade at which it was found when the acts complained of
in this suit were committed, for about 20 years. The coun-
ty of Larue determined to alter the grade of the road un-
der the authority of section 4306 of the Kentucky Statutes,
which provides: "The fiscal court of each county shall
have charge and supervision of the public roads and bridges
therein, and shall prescribe necessary rules and regulations
for repairing and keeping same in order, and for the prop-
er management of all roads and bridges in said county
under and subject to the provisions of said act." Section
4339 of the Kentucky Statutes provides for the cutting
down of hills on county roads, and for letting the work.
Larue county let to appellees, Walters and Beeler, the con-
tract for repairing this road, in accordance with certain
specifications which involved the cutting down of the hill
and ditching the road to such an extent that it is alleged
it impaired the value of plaintiff's lands, making it imprac-
ticable, without large expenditure, for him to go from one

part of his farm to the other. A demurrer to plaintiff's petition was sustained as to Larue county, upon the idea, it is said, that the county was not liable to an action for tort. This, as a general proposition, is true. There is no liability upon the part of the county unless it be authorized expressly or by necessary implication by statute. Downing v. Mason Co., 87 Ky., 208 (10 R., 105) (8 S. W., 264, 12 Am. St. Rep., 473). The question is, was there such an authorization in the case at bar? Section 242 of the present Constitution is as follows: "Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them; which compensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual before such injury or destruction. The General Assembly shall not deprive any person of an appeal from any preliminary assessment for damages against any such corporation or individual made by commissioners or otherwise; and upon appeal from such preliminary assessment, the amount of such damages shall, in all cases, be determined by a jury, according to the course of the common law." It has been held, under the foregoing section of the Constitution, that where a municipality, by the erection of public works or improvements, so damages the adjacent property of the owner as to impair its value, that is the taking, injuring or destroying of property within the contemplation of the section quoted. City of Ludlow v. Detweller (20 R., 894) (47 S. W., 881); City of Mt. Sterling v. Jephson (21 R., 1028) (53 S. W., 1046); City of Henderson v. McLain, 102 Ky., 402 (19 R., 1450) (43 S. W., 700), 39 L. R. A., 349.

The matter of opening public roads, their improvement and repair, are exclusively within the jurisdiction of the fiscal court of the county. This tribunal is authorized to institute condemnation proceedings to take such lands and material as may be necessary for the purpose of construction of the public highways. This right of eminent domain, however, is, and under our Constitution, must be, subordinate to the right of the citizen to be first reimbursed for his damages occasioned by the taking. This means, not only that he shall be paid the value of the thing taken, but that he shall be paid the damages done to the adjacent property by the taking and manner of use of the citizen's lands for the public. City of Paducah v. Allen, 111 Ky., 361 (23 R., 701), 63 S. W., 981.

The provision of the Constitution which requires that the municipality taking private property for public use "shall make just compensation for the property taken, injured or destroyed by them," necessarily implies that, if the corporation should fail to make the compensation before the taking or injuring, it is liable therefor after such taking or injury, and that, if it will not pay the damages, an action is necessarily authorized to be instituted against it; for it would be idle to give to a party a right without a remedy to enforce it. We therefore conclude that, if the facts as alleged in the petition be true,—that is, that the improvement of the highway in question did so impair the plaintiff's adjacent lands and their value as to damage him—that was a taking and injury within the contemplation and meaning of the Constitution, and the language of that section necessarily implies a right upon the part of the citizen to maintain his action against the county to recover such damages, if not otherwise settled.

The other defendants pleaded that they did the work un-

der the authority and employment of the fiscal court of Larue county, and did same in a careful and prudent manner, according to the specifications furnished them. Under this plea of justification, the case went to a trial before a jury, resulting in a verdict for the defendants. The only question necessary to be considered on this branch of the appeal is as to the correctness of the instructions given. The court gave the following, among others: "If the jury believe from the evidence that the defendants were appointed by the fiscal court to grade, gravel and cut down the hill adjacent to plaintiff's premises, and that in doing said work the defendants used due and proper care, and did no other or greater damage to plaintiff's property than was necessary to complete the work which they were appointed to do, then the law is for the defendants, and the jury will so find." We are of opinion that this instruction was erroneous. If Larue county could not, without liability to the owner for damages, do the work in question so as to injure the plaintiff's premises, it must follow that it could not authorize another to do it with immunity. The order of the fiscal court afforded its employes no protection against a suit for damages by the person aggrieved by their acts where the court itself would have been liable for such acts. "The agent can not avert legal responsibility for his own wrongful act by pleading that he was employed or directed by a person who had no lawful authority. . . . An agent or servant is responsible for his own tortious act, even though it was done in submission to the command or authority of his employer or master." Poole v. Adkisson, 1 Dana, 112.

The judgment is reversed, and cause remanded for a new trial under proceedings not inconsistent herewith.

Whole court sitting.