## Jones v. Louisville & Nashville Railroad Company et al.

(Decided February 21, 1930.)

BARNES & SMITH for appellant.

SANDIDGE & SANDIDGE, GLOVER H. CARY, R. ALEXANDER, D. C. ROSS and ASHBY M. WARREN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant brought this suit against the appellees to recover for the flooding of some property he owned in the village of Nuckols. The old highway between Owensboro and Livermore runs north and south through this village. In the fall of 1926, after the county of McLean had procured the necessary right of way, the state highway commission built a new public road between Owensboro and Livermore. This road where it passed through Nuckols paralleled the old highway about 100 feet or so to the east. At right angles to the old and new public highways there ran another public road through the village of Nuckols. We shall call this road the "crossroad." On the south side of this crossroad there fronted the following property: That of C. Rogers, whose lot cornered on the crossroad and the new state highway; next and to the west, that of F. M. Hinton, whose lot cornered on the old highway and the crossroad. Immediately across the old highway and to the west of it came another lot of Hinton's next to this lot and still continuing westwardly was a large lot owned by B. J. Shelton; then came the lot of the appellant. The back line of all of these lots ran in a straight line from the

new highway on the east to the west line of the appellant's property. South of this back line was a large lot of ground owned by the appellee Nuckols. Under the old highway where it crossed the back line of these lots was a culvert. Considerably further to the south from this culvert and running from the new highway through the Nuckols property in a southwestwardly direction was a sort of natural depression. It extended on both sides of the old highway, but there was no culvert where this old highway crossed this depression. In times of very high water, the excess water in this depression which could not escape through the culvert to which we have referred would flow over the old highway from the east to the west and then on down the depression. The general direction of the drainage of the land in this vicinity was from the east to the west. When the new highway was built a culvert was put under it on the same back line of the lots as was the culvert under the old highway. When this new culvert was constructed, Nuckols dug a ditch from it along the back line of the lots to the culvert under the old highway. Thereupon Hinton, Shelton, and appellant Jones, by agreement, as this record shows, dug a ditch along the back line of their lots from the culvert under the old highway to the west line of appellant's lot, by widening and deepening an old small drainage ditch which had long since filled up. They used the dirt taken from this ditch to form a sort of levee along the back end of their lots.

Immediately west of the Jones lot and fronting on the crossroad, but extending a considerable distance to the south from the back line of the Jones, Shelton, and Hinton lots, was the lot of the appellee, Louisville & Nashville Railroad Company. The freight and passenger stations of this road are located on this lot. The railroad itself runs north and south on the west line of this lot and just beyond and parallel to it is a large public ditch. The old drainage ditch which had existed back of the Jones, Shelton, and Hinton property had turned at right angles when it reached the railroad lot, ran south to the end of the railroad lot, made another right angle turn, and then ran west and emptied into a small ditch of the railroad that ran north and south through its lot and to the east of the railroad line. We shall call this last-named ditch "the railroad ditch." When they dug their new ditch, Jones, Shelton, and Hinton did not carry it around this elbow of the old ditch, but stopped it when

it reached the west line of the Jones lot which was the east line of the railroad lot. They did ask permission of the railroad company to continue the ditch in a straight line across the railroad lot to the railroad ditch. This was refused. Because there was no outlet for the water which ran down the drainage ditch thus dug by Jones, Shelton, and Hinton, logs, trees, trash, sediment, and silt carried down this drainage ditch were discharged upon the railroad lot, and perhaps clogged up some tiles in the railroad ditch. In course of time the railroad lot was raised by this discharge and sediment to such an extent as that the water, which this record shows always flowed over on the appellant's property in times of hard rains, even before the new highway had been constructed and before the appellant had bought his lot, did not run off as it formerly did. Thereupon appellant sued the Louisville & Nashville, the Owensboro & Nashville Railroad Company, which the Louisville & Nashville leased or owned (these defendants will be treated henceforth in this opinion as one), Nuckols, and McLean county, for the damages which he alleged his lot had sustained because of the conditions we have thus outlined above. The court sustained the demurrer of McLean county to the petition as amended, and dismissed it as to that defendant. As to the other defendants, the court, after the evidence had been introduced, peremptorily instructed the jury to find a verdict for them, and, from the judgment entered on that verdict, this appeal is prosecuted.

The court properly sustained the demurrer of the appellee McLean county to the petition as amended. The theory of the petition as amended is not grounded on the idea that the proper construction of the new highway involved the taking of appellant's property, but on the theory that the construction of the highway and the culvert was carelessly and negligently done by the state highway commission. McLean county had nothing to do with the way in which the highway was constructed. True it is that, under the statute, it was the duty of the county to procure a right of way for the state highway commission, and if, in constructing the highway, it had been necessary or perhaps even proper so to construct the culvert as to throw water upon appellant's lot, McLean county might, under the principle of the case of Perry County v. Townes, 228 Ky. 609, 15 S. W. (2d) 521, be liable because of its duty to furnish a right of

way. Yet, where the right of way was furnished, and the damage caused the appellant was due to the careless way in which the highway was built, McLean county could not be liable. It did not construct the highway. The negligence was not its negligence. The duty to furnish the right of way did not include insurance against the negligence of the highway department. It follows therefore that the court did not err in sustaining the demurrer of McLean county to the petition as amended. So far as the appellee railroad is concerned, the peremptory instruction was properly given because the evidence establishes without real dispute that the failure of the water on the appellant's property to run off after rains was caused by the filling up of the railroad property due to the appellant's act in collecting the waters in the new ditch and bringing the sediment, water, and silt down and discharging them upon the railroad lot. This he had no right to do, and, as this was the cause of his injury, he certainly cannot recover for his own wrong. See 40 Cyc. 583.

With regard to the appellee Nuckols, the record establishes that the construction by him of the ditch from the culvert under the new highway to the culvert under the old highway would not have affected the appellant's lot but for the ditch which appellant and the others dug, thereby bringing the water down upon himself instead of letting it flow down over the Nuckols property to the old natural depression. For the same reason that supported the peremptory instruction in favor of the appellee railroad, the court was correct in instructing peremptorily for the appellee Nuckols.

No error appearing prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.