## Barass v. Ohio County.

(Decided June 9, 1931.)

HEAVRIN & MARTIN for appellant.

GILMORE KEOWN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

A demurrer to appellant's petition as amended was sustained and it was dismissed. We state its substance.

Ohio county had for many years owned and maintained a road on a levee or elevation for a mile or more across the Rough River bottoms near Hartford. It ran through or was contiguous to land of the appellant, E. G. Barass, much of which was subject to overflow. In 1920 the road was designated as state project No. 11, known as the Owensboro and Bowling Green Highway. In 1924, at the instance of Ohio County, and pursuant to section 4356t-7 of the Statutes, requiring that the cost of acquiring rights of way for state highways shall be borne by the respective counties, the appellant conveyed to the state highway commission a strip of land to widen the road and for borrow pits. The consideration was the benefits to be derived from the improvement of the road, and its purpose was stated to be for constructing and maintaining the state highway as located by the engineers of the commission. The deed contains this clause:

> "It is agreed and understood and made a part of the consideration for this conveyance that the bridge between the Burns Ditch & Ross Riffle public road to be taken out and the levee or fill on the public Highway to be constructed between those two points. It is further agreed and made a part of this land consideration that in the construction of the public

highway next to the land of grantor is to be constructed in such way that it will make a natural drain from Ross Riffle Public road; to the Burns Ditch 'and that said Ditch shall not be dug deep enough to permit or cause the water flowing through the Burns Ditch to leave said ditch and flow into or through the ditch along side of public highway.''

It was further stated in the petition that in 1925 the commission, through a contractor, had constructed the road under the plans and specifications of its engineers. The levee or embankment was raised to a height of eight feet. Before the reconstruction there were five openings of stated size which permitted the free and equalized flow of water. It was charged that the contractor, acting under the authority of the commission, had negligently constructed the fill with only two openings, which were not sufficient for the free passage of water from Rough River and his lands according to its natural flow. The dimensions of the openings and work were stated in detail. It was charged that by reason of this negligent construction water was caused to collect and flow with great force over and across his land, washing the soil and creating ditches through it.

It was charged that the true consideration for the conveyance was the proper construction and maintenance of the highway, and that it had been negligently constructed and since then ''imprudently, improperly and negligently maintained'' over the land so conveyed.

Damages in the sum of $12,500 were asked against the county.

With Layman v. Beeler, 113 Ky. 221, 67 S. W. 995, 24 Ky. Law Rep. 174, and (of more pertinency) Moore v. Lawrence County, 143 Ky. 448, 136 S. W. 1031, it began to be definitely held that where a county damages adjacent land in the construction of its roads, it is to be regarded as taking or injuring it under sections 13 and 242 of the Constitution, requiring compensation to be made therefor. In several subsequent cases, since the enactment of section 4356t-7 and related statutes, it has been held if the state highway commission damages property in the prudent construction of roads, the county should be made to pay therefor because of its duty to furnish the right of way. Perry County v. Townes, 228 Ky. 608, 15 S. W. (2d) 521; Fallis v. Mercer County, 236 Ky. 315, 33 S. W. (2d) 12.

In the Fallis Case there was a conveyance similar to that in the instant one, and it was pointed out that the result was the same as if the land had been acquired through condemnation proceedings; that is, the deed covered the property actually used and the consequential damages to the remaining tract. In the absence of an allegation of negligent construction, the resulting interference with the convenient ingress and egress to the plaintiff's property was held to be included in the conveyance. Under appellant's claims, his pleading meets the implication that if the work was negligently done a recovery might be had.

The action is purely one for alleged negligent construction and maintenance of the road by the state highway commission. There is no averment whatsoever of any negligence on the part of the county. Certainly the county cannot be held liable therefor. It is responsible under the statute for the taking of and injury to property in the necessary and proper construction of a road by the commission, but nowhere is a right of action given against a county for improper or negligent use or the creation of a nuisance by the commission.

The case cannot be distinguished from Jones v. L. & N. R. Co., 233 Ky. 152, 25 S. W. (2d) 31, 32, in which McLean County and the railroad company were sued for the flooding of property by reason of the alleged negligent construction of a highway. After referring to the duty of a county to furnish the rights of way, it is said:

> "Yet, where the right of way was furnished, and the damage caused the appellant was due to the careless way in which the highway was built, McLean County could not be liable. It did not construct the highway. The negligence was not its negligence. The duty to furnish the right of way did not include insurance against the negligence of the highway department. It follows therefore that the court did not err in sustaining the demurrer of McLean County to the petition as amended."

If the highway commission has created and is maintaining a nuisance to the plaintiff's damage, it may be he has a remedy through the injunctive processes of the court; but certainly the county cannot be made to respond in damages.

Judgment affirmed.