# National Bank of London v. London Utilities Company.

(Decided June 16, 1931.)

H. C. CLAY for appellant.

H. H. OWENS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON— Affirming.

The appellant is the owner of a three-story brick building situated on the southeast corner of Main and Manchester streets in the city of London, Ky. It is engaged in the banking business in this building. A grocery store is located on the first floor and seven offices on the second floor. Water is furnished to the entire building by one water meter provided by the appellant. The appellee is the owner of the water plant which furnishes water to the residents and inhabitants of the city of London, including appellant.

It operates under a franchise granted by the city of London by ordinance, of the enactment of which there is no complaint, nor is it alleged in the petition that appellee has violated its provisions. R. W. Dysche was the purchaser of the franchise at the sale by the city of London on the 2d day of September, 1921. He assigned the franchise to the appellee under which it owns and operates its waterworks system of the city, and by reason of which it furnishes water for all purposes to the residents and inhabitants of the city. The appellant claims that in the year 1921 it entered into an oral contract with Dysche, the then owner of the franchise and waterworks system now owned by the appellee, by which Dysche installed, at his own expense, the water on appellant's property by making necessary connections to supply appellant's building with water for itself and tenants' use for all purposes in its building. That it and Dysche agreed for it to pay for the water a minimum charge of $2 per month for not exceeding 2,000 gallons per month and for all water in excess of 2,000 gallons per month to pay him fifty cents per thousand gallons. It

used, and paid him, for water under this contract prior to his sale of the franchise and the water plant to the appellee. After his sale in March, 1927, and until February 11, 1930, the appellee furnished water to it and accepted from it the rates as per the contract it had with Dysche. The basis of the action, as alleged in the petition, is that appellee has violated the contract which it had made with Dysche. It is alleged that ,on February 11, 1930, the appellee, without its consent, cut the water off from its building "and refused to and has not since furnished to the plaintiff any water for any purpose, although it is still engaged in furnishing water by virtue of its franchise to its customers and to the public generally in the city of London, . . . unless the plaintiff will pay to it the mimimum charge ,of $6.00 for the first 2,000 gallons of water each month and fifty cents for each 1,000 gallons in excess thereof."

It filed this action in the Laurel circuit court on the 13th day of February, 1930, setting forth these allegations, and further alleging "that by reason of defendant cutting off said water and terminating its said contract without the consent of the plaintiff it has been damaged at least the sum of $1,000." The prayer of the petition is in this language: It "prays judgment against the defendant for $1,000.00; it prays for a mandatory injunction requiring defendant to furnish plaintiff and its tenants in said building through its system of water works in the said city of London a reasonable amount of water for the use of plaintiff and its tenants at all times doing in the future as it has been doing in the past and for all proper relief both general and special."

It will be noted that it asks for no affirmative relief as against the alleged rate. It merely prays that appellee be required to furnish it water in the future as it has in the past. The appellee filed an answer traversing so much of the petition as set out the oral contract between appellant and Dysche and the allegations concerning damages. In a separate paragraph it alleged that the franchise by mutual agreement between it and the city of London had been amended by striking out of it, wherever it occurred in the original franchise, the word "customer" and inserting in lieu thereof the word "consumer," and that by virtue of this amendment it was entitled to charge and collect from appellant for its use of the water a minimum of $2 a month for each and every

place of business in its building, and 50 cents a month per thousand gallons in excess of 2,000 gallons.

In the fourth paragraph of its answer this phraseology appears, "While defendant temporarily cut off said water supply for a few minutes no damage occurred to the plaintiff."

By reply the appellant traversed in part the affirmative allegations of the answer and affirmatively alleged that the amendment of the franchise alluded to in the answer was by the city council of London set aside by ordinance on the 7th day of December, 1920.

On a trial of the action in the circuit court it was "agreed that so much of the petition as seeks damages is dismissed without prejudice, that the evidence be taken in open court, in shorthand by the official stenographer, transcribed and filed as the deposition of the witnesses." The president of appellant offered himself as a witness. No question was asked and no statement was made by him relative to the alleged oral contract with Dysche. After describing the acts and conduct of the employees of the appellee in regard to the threat to induce appellant to consent to the change to the minimum charge for water, or to consent for the appellee to install on its premises meters for the use of water by appellant, in its building and for the grocery store and dental office in its building, he states, "I didn't bring any (suit) until I was forced to bring it and until the water was absolutely turned off, the question of damage will have to be taken up with the tenants. I am not here to waive any damages." The appellee then introduced in its behalf its district manager. His testimony relates to the amendment of the ordinance by the consent of appellee and the city of London. The action was submitted for trial and judgment. The court entered judgment dismissing appellant's petition, to which it excepted, and from which this appeal was taken. It is to be noted that the dismissal of the petition left for trial nothing except the ground for the injunction. It is true that the appellant alleged the water had been turned off from its building by appellee, and the appellee failed to deny this allegation. It is equally true that in its answer the appellee averred that the water was cut off from its building "for a few minutes and no damage occurred." In its reply the appellant fails to deny this allegation. Considering the undenied allegation of the pleadings in this respect, there was

nothing for the court to try. No ground for the issuance of an injunction was presented by the pleadings. The president of appellant, in his testimony, merely states that the water was cut off. He made no statement contradicting the allegation of the answer that "the water was cut off for a few minutes and no damage occurred." The action of appellant in dismissing its petition as to damages substantiates this view of the case. The appellant, by the allegations of its pleading and by the evidence heard in its behalf, failed to establish ground for the injunction. The court properly dismissed its petition. The appellant, in its petition, does not allude to nor attack the amended ordinance. It appears in the case as a defense. On this state of the pleadings and showing, it was not necessary for the trial court and it is not necessary for this court to consider the amended ordinance, set up in the answer of defendant as a defense or as a ground for refusal to grant the injunction.

The judgment·is affirmed.