## Bader et al. v. Jefferson County.

(Decided May 10, 1938.)

EDWARD W. BENSINGER, JR., for appellants.

LAWRENCE S. GRAUMAN, County Attorney, and ROBERT L. SLOSS, Assistant County Attorney, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The question is whether a county must compensate an abutting landowner where the State Highway Commission lowered the grade of a road and thereby merely impeded his ingress and egress, without taking any of his land or causing other resulting injury.

The plaintiff owned a 53-foot lot in Prospect, an unincorporated village in Jefferson county, extending back from the center line of the River Road, also known as United States Highway No. 42. It is alleged in the petition against Jefferson county, to which a demurrer was sustained:

"Plaintiffs further state that on or about the ——— day of ———, 1937, the State Highway Commission of Kentucky, acting by and through its contractor, and agents, servants, and employees, took possession of said River Road, abutting the property of plaintiffs above described, and excavated the natural surface thereof and dug up and carried away a large quantity of earth from the natural bed of said highway and lowered the grade of said highway from six to seven feet below the level of plaintiff's property, causing said property and the building upon same to be from six to eleven feet above the grade of said highway and greatly inconveniencing and discommoding plaintiff in the use and enjoyment of said premises and materially interfering with the ingress and egress of plaintiffs, their agents and others having business on said premises to and from same, and rendering access to said premises to and from said highway both difficult and dangerous.

"Plaintiffs further state that the act of grading and the construction of said highway in the manner aforesaid and the leaving of the premises upon a high bluff over the level of said highway, has greatly injured and damaged their property and has depreciated the salable and rental value thereof, all to their damage in the sum of $4,000.00."

Greater detail of description of the conditions and of elements of damage claimed is given in the brief, but we are confined to the record.

The liability or nonliability of a county arising from the construction or reconstruction of roads and highways seems to be pretty well charted except in

such situation as is here presented. It is to be observed that there is no allegation of any invasion of plaintiffs' property other than rendering its accessibility from the highway "both difficult and dangerous" by reason of which its value has been diminished. Under the emphatic provisions of sections 13 and 242 of the Constitution, requiring that compensation be made for the taking of private property for public use, we have held many times that though there was no actual taking in the sense of reducing to possession, if there was a physical invasion of the property or actual damage thereto, such as by causing subsidence through the weakening or destruction of lateral support, or the diversion of water, or flooding of property, the owner must be compensated. And under the requirements of section 4356t-7, Statutes, that a county must furnish a right of way for a state highway, the county must pay that compensation. If, however, the resulting injury was caused by negligent construction, the county is not required to pay the damages, for it cannot be held responsible for the negligent act of the State Highway Commission or of the contractor. Breathitt County v. Hudson, 265 Ky. 21, 95 S. W. (2d) 1132; Perry County v. Riley, 268 Ky. 325, 104 S. W. (2d) 1090; H. H. Miller Construction Co. v. Collins, 269 Ky. 670, 108 S. W. (2d) 663; and many authorities cited in those opinions.

If there has been a conveyance of a right of way or a portion of a right of way on which the work is done, and there is resulting damage to the adjacent property, the consideration for the conveyance is deemed to have embraced compensation for that injury. This was the ruling in Fallis v. Mercer County, 236 Ky. 315, 33 S. W. (2d) 12, where suit was brought to recover damages caused by interference with the ingress and egress of property through the raising of a highway above its former level.

It may be well, first, to consider the cases upon which the appellees most confidently rely as particularly controlling. In the leading case of Layman v. Beeler, 113 Ky. 221, 67 S. W. 995, 24 Ky. Law Rep. 174, Larue county, through contractors, cut down a hill and ditched a road so as to make it impractical, without a large expenditure, for the owner of the land, through which the road ran, to go from one part of his farm to the other, and thereby impaired the value of his property. The county was held to be liable for compensation; but the

case is clearly distinguishable. The county had had the work done on a county road. It alone had taken the property. It was its act.

In City of Ashland v. Queen, 254 Ky. 329, 71 S. W. (2d) 650, Boyd county was held liable for compensation of owners of adjacent property by reason of the construction of a viaduct which had the effect of raising the level of the center of a street as high as the second story of the buildings and thereby causing material damage to the property. This viaduct was partly without the city limits and the county was a party to its construction. Its erection was held to be a joint enterprise of the county, the city, and the railroad company. The county, by its contract, agreed to furnish certain parts of the right of way for the construction of the new road and contributed $25,000 to the cost of the viaduct. The county was an actor in that enterprise.

In Cranley v. Boyd County, 266 Ky. 569, 99 S. W. (2d) 737, there was a closing of a road adjacent to the plaintiff's property. We there recognized a vested right to the easement which the owner of contiguous property has in a public road and that it could not be destroyed without compensation for the taking of that property right. But in that case it was the county alone which closed the road so that the county was held liable, and the railroad company across whose tracks the closed road had run, was held not liable for it had not committed the act.

Upon like principle have rested the many opinions that a city is liable for damages to adjacent property resulting from the raising or lowering of an established grade of a street. In such a case the city is responsible because it committed the wrong or took the property.

The liability of a county for the payment of compensation for the "taking" of private property for or in the construction of a state highway is by virtue of the statute, and that alone, unless it acts independently as in the foregoing cases. It is only because the Legislature has declared that the county should bear that portion of the cost of state highways that it must pay. The wisdom and justness of that policy has been frequently questioned, as it is here by Jefferson county, but, with the possibility of certain exceptions, the power and authority of imposition cannot be questioned. The pertinent portion of the statute, section 4356t-7, is quoted for ready reference:

"No portion of the cost of acquiring any necessary land or right of way, except a temporary right of way, nor any part of any damages incurred, awarded or paid, shall be paid out of the state road fund or road and bridge fund, but all cost of acquiring any necessary land or right of way and any damages incurred, awarded or paid shall be paid by the county out of its general fund or out of funds voted and held by the county or its duly appointed and qualified road commissioners for the purpose of improving or constructing, either or both, the roads and bridges of the county."

The decision of this case rests upon the interpretation of the provision that the county should bear "all cost of acquiring any necessary land or right of way and any damages incurred, awarded or paid." So far as disclosed by the petition, the county did nothing whatever in this road construction. There was no right of way "acquired" at this point. The allegations are that the state, through its agencies, lowered the grade of an "established public highway in the county" and left the plaintiffs' property above the former grade. Whatever presumption may be raised and accepted from the pleading must be against and not favorable to the pleader. Since the property line extended over to the center of the highway, it may well be presumed that the easement of the right of way had been conveyed to the county or state and that compensation for the interference with the entrance to the property resulting from the changing of the grade was included in the consideration paid for it. But whether so or not, we construe the present statute requiring the county to bear the cost of acquiring a right of way and damages incurred by reason thereof or as an incident of construction by the State Highway Commission of state roads as not embracing liability for such damages as is claimed in this case, under such conditions as is described. The thought of the Legislature expressed in the phrase "damages incurred" was undoubtedly damages incident to the acquisition of a right of way in the exercise of the power of eminent domain. Rights of action for compensation subsequent to the taking of property, as we have often stated, rest upon the same basis as if the proceeding had preceded the taking. Jefferson county, so far as the petition shows, was not called upon here to furnish a right of way.

We are of opinion, therefore, that the judgment should be, and it is, affirmed.