## Hopkins County v. Rodgers.

(Decided Dec. 9, 1938.)

J. T. GOOCH for appellant.
WADDILL, LAFFOON & WADDILL for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellee, Lonnie Rodgers, instituted this suit against Hopkins County, Ky., to recover damages to his land resulting from the construction of a state highway by the State Highway Department of Kentucky through the land of James Thomas, the county having purchased the right-of-way of Thomas for the benefit of the State Highway Department.

Plaintiff alleged in the petition that he was the owner of a certain tract of land in Hopkins County, adjoining the land of James Thomas and that Hopkins County procured a right-of-way from James Thomas upon which to construct a public road leading from Dawson Springs, Ky., to Providence, Ky., and the Thomas land and right-of-way are adjacent to and below plaintiff's land, and that there is now built thereon a road, embankment or dump several hundred yards long and six or eight feet above the level of the right-of-way; that there are no culverts or waterways constructed and maintained in or under said embankment and dump for the passage of water that is caused to accumulate on the lands above the embankment or dump and that the natural level of the right-of-way is lower than plaintiff's land and that before the construction of the embankment on said right-of-way the surface water falling upon his land and the land in the watershed above his land naturally drained onto and across said right-of-way and off of and away from his land and did him no injury or damage; that during the year 1934 and the early part of 1935 the embankment and dump were erected on said right-of-way so procured and owned by the defendant, on the west side of his said land and contiguous thereto so as to cause the water to collect in large volume and to pond back upon plaintiff's land to a depth equal to the height of the embankment and to cause water to stand upon plaintiff's land for a much longer time than it had ever done previous to the construction of the embankment, and thus destroyed and damaged plaintiff's growing crop upon his land and

permanently injured and damaged his farm and land in the sum of $1,000. Plaintiff made the further allegation that the acts complained of herein amounted to the taking of his land for a public use without compensating him therefor and is contrary to the laws of this Commonwealth in such cases made and provided.

Later by amended petition, plaintiff alleged that the road mentioned in the petition is on the State Primary System of Highways, and that the road was constructed or built under the supervision of the State Highway Department of the State of Kentucky and that it was that agency that constructed the alleged embankment or dump.

Hopkins County filed general demurrer to the petition which was overruled with exceptions. A trial before a jury resulted in a verdict and judgment thereon in favor of appellee for the sum of $207.50. Hopkins County has filed the record with the clerk of this court and prayed an appeal.

The first question to be determined is whether the petition by the facts therein set out charges a negligent or improper construction of the road by the State Highway Commission. The petition does not charge in precise or exact language that the State Highway Department "negligently" or "improperly" constructed the road. But it is at once apparent that the facts alleged in the petition amounted to a charge of improper construction of the road. The topography of the land showing the length and height of the embankment with no culverts or waterways constructed and maintained thereunder for the passage of water and, that previous to the construction of the embankment the water drained off and did plaintiff's land no injury, is tantamount to saying that if the State Highway Department had constructed and maintained culverts or drains under the embankment, the alleged injuries to plaintiff's land would not have occurred. These facts necessarily excluded any hypothesis other than that a negligent or improper construction of the road and in disregard of the consequences which from the description of the premises and conditions stated above should have been anticipated or foreseen by an ordinarily prudent minded person.

In Chesapeake & O. R. R. Co. v. Weddington, 231 Ky. 745, 22 S. W. (2d) 131, it is held that the use of the

word "negligence" or some derivative thereof, in a pleading, is not essential if negligence is a necessary inference from the facts alleged and a failure to allege negligence in a pleading does not render it defective provided the circumstances alleged are such as to justify the inference of negligence.

Also in the case of Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S. W. (2d) 942, it is held that allegations of negligence are adequate when they are such as to enable a person of ordinary understanding to know what is intended to be relied upon as the basis of liability. The argument for appellee is that he is not relying upon negligence, but this is rather a conclusion based upon the fact that he failed to use the word "negligence." But, as we have already stated, and concluded, the facts alleged amount to an allegation of negligence, notwithstanding the omission of that precise word.

It is stated in brief of appellee that this case is grounded upon the principle laid down in the case of Fallis v. Mercer County, 236 Ky. 315, 33 S. W. (2d) 12. In that case Mrs. Fallis sued Mercer County for damages because the Highway Commission, in making the road, had changed and raised the grade above the level of her property so as to interfere with the ingress and egress. It is said in that opinion that there was no allegation of negligent construction and, therefore, it was assumed that the road was properly built on the land conveyed for that purpose. In the case at bar there are allegations amounting to a negligent construction, which distinguishes it from the Fallis Case, supra. From the statement in the opinion of the Fallis Case—that there was "no allegation of negligent construction" [page 13], we assume that the pleader did not use the word "negligent" but merely alleged that the highway commission raised the grade of the road so as to interfere with ingress and egress to the abutting property. But that would not necessarily be construed to mean that the highway commission negligently or improperly raised the grade of the road, since it might have been proper and necessary to do so. In the case at bar it may have been proper, and we assume it was, for the highway commission to make the dump or embankment complained of, but it does not necessarily follow that the highway commission should not have constructed culverts or other adequate devices under or through

the embankment to prevent the condition and consequences which naturally followed because of its failure to do so.

In Barass v. Ohio County, 240 Ky. 149, 41 S. W. (2d) 928, it is held that because of Kentucky Statutes, section 4356t-7, the county is responsible for the taking of and the injury to property in the necessary and proper construction of a road by the State Highway Commission, but the county is not responsible for *improper* or *negligent* construction of a road by the State Highway Commission. Also, in Bader et al. v. Jefferson County, 274 Ky. 486, 119 S. W. (2d) 870, it is held that the statute (Section 4356t-7) requiring counties to bear costs of acquiring necessary land or right-of-way for state highway and any damages incurred, awarded or paid, does not make county liable for damages sustained by abutting owner whose property was left above former grade when the state lowered the grade of an established public highway, *where the county had no part in the lowering of the grade.*

In the case at bar there is no allegation that Hopkins County took any part in the construction of the road in question; but, on the contrary, it is specifically alleged that the State Highway Department constructed the road.

Nor, does the case of Perry County v. Townes, 228 Ky. 608, 609, 15 S. W. (2d) 521, apply to the facts in the present case. In that case there was no complaint of a negligent or improper construction of the road. So far as that opinion shows the manner of construction was a necessary and proper one. In the opinion in the Barass Case, supra, it is pointed out that, since the enactment of Section 4356t-7 and related statutes, it has been held that if the State Highway Commission damages property in the *prudent* construction of roads, the county should be made to pay therefor because of its duty to furnish the right-of-way, citing in support thereof, Perry County v. Townes, supra. And in the same opinion it is said, 41 S. W. (2d) 929: "But nowhere is a right of action given against a county for *improper* or *negligent* use or the creation of a nuisance by the commission." (Our italics.) See, also, Jones v. Louisville & N. Ry. Co., 233 Ky. 152, 25 S. W. (2d) 31.

Nor, do the facts in the case at bar bring it within the purview of section 242 of the Constitution of Ken-

tucky. Appellee does not seek to recover for damages resulting to the balance of his land from the use of that portion of it he conveyed for the right-of-way, but he asks to recover because of the use made of land conveyed by James Thomas to Hopkins County for right-of-way over Thomas' land. To bring this case within that section of the Constitution, supra, it would be incumbent upon appellee to show that the damages he complains of resulted from a prudent construction of the road over the land *he* conveyed to Hopkins County for a right-of-way.

The measure of damages in such cases is aptly set out in Louisville & N. Ry. Co. v. Asher, 15 S. W. 517, 12 Ky. Law Rep. 815. The Court said [page 518]:

> "The jury should have been told that they must take into consideration and allow in damages the value of the land actually taken, and in arriving at this value they must consider its relative value to the whole tract. Then they must ascertain the diminution in value, if any, that will actually follow the construction of the road through appellee's land. What may or may not happen by an improper construction of the road or by its negligent operation are not matters that enter into the question of compensation."

See, also, 10 R. C. L., Sections 135-138, inclusive, pages 153-157, inclusive.

For the reasons stated, it follows that appellee's petition and petition as amended show no right of recovery against appellant, Hopkins County, and the court erred in failing to sustain the demurrer thereto.

The motion for appeal is sustained, the appeal granted, and the judgment is reversed and remanded for proceedings consistent with this opinion.