## Perry County et al. v. Tyree et al.

March 22, 1940.

S. M. Ward, Judge.

W. E. Faulkner and D. B. Wooton for appellants.
John E. Campbell for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Alleging that they were the owners of a house and lot in the City of Hazard which had been damaged in the construction of a county road extending into the City, the appellees instituted this action against the appellants to recover the damages sustained. It is not claimed that any portion of the right of way was acquired from the appellees by condemnation or otherwise, and the road as constructed runs in the rear of their property. It is alleged that the road was built by the appellants jointly, and that:

"during the construction of said road near the house and property of these plaintiffs by the defendants, their agents, servants, and employees, the defendants negligently and carelessly and with a total disregard of the rights of these plaintiffs, shot and blasted large rocks, dirt, and other debris against and upon the house of these plaintiffs and

show and moved dirt, rock and other debris in and upon the yard of those plaintiffs, thereby damaging the house and yard of these plaintiffs to the extent of $300.00 and but for the negligent and careless acts of the defendants, Perry County and City of Hazard through and by their agents, servants, and employees, the damage to their property as herein set out would not have occurred."

The proof introduced at the trial failed to show that either the City or the County planned or supervised the work, or engaged or directed any of the workmen. On the contrary, the project was planned and financed by the Works Progress Administration, whose agents and employees were in complete charge of the operation. All that the County and the City did was to furnish the rights of way pursuant to an agreement between them that when the road was completed the City would convey to the County the rights of way secured by the City. The Trial Court was obviously of the opinion that both were responsible for all damages occasioned by the construction· of the road, notwithstanding the undisputed testimony that all of the work was done by the agents and employees of the Works Projects Administration, and the absence of any evidence that the appellants had participated in the project beyond the extent above indicated. Accordingly he overruled appellants' motion for a directed verdict and instructed the jury to find for the appellees if they believed from the evidence "that by reason of blasting done in the said construction there were rocks, dirt or debris thrown upon the house of the plaintiffs and caused injury thereto, or upon the yard of the plaintiffs." Under this instruction the jury returned a verdict for the appellees for $300. There was no dispute of the fact that appellees were damaged to the extent of $300 by the blasting complained of, and the sole question that we deem it necessary to consider on this motion for an appeal is whether the appellants were liable for the acts of the agents and employees of the Works Projects Administration in contructing the road.

Under the facts stated it is at once apparent that liability cannot be predicated upon the doctrine of respondeat superior, nor, since the road was not a part of the primary system of state roads or constructed by the State Highway Commission, upon the provisions of

Section 4356t-7, Kentucky Statutes, to the effect that any damages incurred or awarded in the construction of roads by the Commission shall be paid by the County. Therefore, unless appellees' property was "taken, injured or destroyed" within the meaning of Section 242 o the Constitution, appellees' case is one of damnum a. sque injuria. This Section to the Constitution can h ve no application to the facts in this case, for the ason that no part of appellees' boundary, or any easement or right in property adjacent to or abutting thereo was appropriated or affected, and the damages, according to the express allegations of the petition, were asioned by the negligent construction of the nearby roadway as distinguished from its prudent and proper construction. Barass v. Ohio County, 240 Ky. 149, 41 S. W. (2d) 928; Hopkins County v. Rogers, 275 Ky. 778, 122 S. W. (2d) 743. Hence the Court should have sustained appellants' motion for a directed verdict.

The motion for an appeal is granted, and the judgment reversed.