# Philpott v. Monroe County.

Feb. 12, 1943.

Harlin & Harlin and J. C. Carter, Jr., for appellant.

Paul Carter for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER— Affirming.

The appellant, Bud Philpott, owns a hillside lot, cornering on Crawford and Third Sts., in Tompkinsville, Monroe county, Ky. He acquired this lot some forty years ago and constructed thereon a dwelling, together with a barn and other improvements, which he has since used and occupied as his home.

Tompkinsville is a town of the fifth class.

Some time in the early 1930's, the State Highway Commission let a contract for the construction of that portion of its state highway project No. — which extends over and along Crawford and Third Sts. of Tompkinsville (which were made a part of this state highway project) on to the Kentucky-Tennessee state line beyond.

In December, 1937, following the completion of this link of the state highway extending along Third St. through Tompkinsville, the appellant, Bud Philpott, brought this action against the appellee, Monroe county, seeking to recover damages on account of the alleged wrongful manner in which that part of the state highway, opposite to and extending with appellant's property, had been constructed.

The facts as alleged in appellant's petition, to which a demurrer was sustained, and also in his later amended petition, to which a demurrer was again sustained, are in substance that the defendant, Monroe county, did by its duly authorized representatives and agents undertake to construct, and permitted to be constructed by the State

Highway Commission, over and along Third St. of the town a new state highway, under and according to the Commission's plans and specifications calling for the making and establishment of a lower grade for the street by several feet and for its widening by some fifteen feet where opposite and next to appellant's property line, extending some 250 feet with the highway; that the contractor, in doing this construction work as called for by the Highway Commission's plans and specifications widening and establishing a lower grade for the street, so cut down and into the embankment on the side of the road next to and within a foot or two of the appellant's property line as to convert it into a very steep, declivitous embankment and thereby increased the elevation of the lot above the lower highway, resulting in both taking away the lateral support of the lot, causing its abutting embankment to erode and wash away, and destroying plaintiff's right of ingress and egress (which he had used for some forty years) to and from his lot and the street; that the street embankment, so cut into and its soil and rock removed to widen the street, upon its lateral support being taken away, so eroded and washed down as to cause the foundation of his barn to give way and threatens its eventual entire destruction.

Further the petition alleges that this injury and damage done to plaintiff's property by this character of highway construction work done constitutes a taking and invasion of his property without process of law, and for which no compensation has been paid him, and that he has the right to recover the fair and reasonable amount sued for of $2,500 for the county's taking and destruction of his property.

Further he alleged in his petition as amended that he withdrew "so much of his original petition as alleged that the acts of defendant complained of were committed negligently."

The lower court sustained defendant's demurrer to both plaintiff's original and amended petitions, thereby ruling in substance that the allegations of appellant's petitions are not sufficient to entitle him to recover damages from the county for its acts complained of.

Therefore, the question here presented is not merely one as to appellant's right, as an abutting landowner, to recover compensation for the construction of the high-

way abutting his property in a way and manner amounting to a taking and invasion of his property, by destroying his way of ingress and egress to and from it and the consequent depreciation of its value, but also whether the defendant county is liable to plaintiff in damages for such injuries to his property, where it insists that it did not participate in or perform any part of this construction work on the highway, or did anything other than furnish the right of way through the city therefor, as it was under the law required to do.

Appellant, in support of his claim to compensation, for damage suffered as an abutting landowner, against the county, cites and relies on the case of DeRossette v. Jefferson County, 288 Ky. 407, 156 S. W. (2d) 165, 167, wherein it is said:

"That one claiming damages for obstruction of ingress or egress by construction or alteration of a highway may recover, is beyond argument, provided the obstruction be such as will interfere with reasonable access to his property or the highway, and a property owner who is specially affected by reason thereof may maintain an action independently of remedy on behalf of the public at large for damages resulting therefrom, is well settled."

While not questioning the soundness and propriety of the rule there declared, we do not regard it as applicable to or decisive of the question here presented, which is (conceding arguendo the appellant's right as declared in the DeRossette and numerous other decisions of this court, as an abutting landowner to recover compensation for the injuries done his property rights as above stated) who, as between the defendant county and the State Highway Commission, is liable for the payment of compensation for the alleged taking and invasion of appellant's property.

The appellee county insists that this complained of construction work was not a joint enterprise of the county and the State Highway Commission, in that the county took no part in the construction work done in a manner resulting in the taking and invasion of plaintiff's property, as above stated, but contends that the Commission was alone responsible therefor, in that it only, not jointly with appellee, had the construction work performed by its contractor, according to its own plans and

specifications; and that the alleged taking and invasion of the property rights of the appellant, the abutting landowner, resulting from the construction work, alone was done by it and was its act alone, for which it alone should be held responsible.

In the rather late case of Bader v. Jefferson County, 274 Ky. 486, 119 S. W. (2d) 870, relied on by counsel for appellee as here decisive, we cited and discussed the cases of Layman v. Beeler, 113 Ky. 221, 67 S. W. 995; City of Ashland v. Queen, 254 Ky. 329, 71 S. W. (2d) 650 and Cranley v. Boyd County, 266 Ky. 569, 99 S. W. (2d) 737, in each of which the county was held liable for payment of compensation to abutting landowners, for the reason that in each of those cases it was shown that the county had either alone or jointly done the highway construction work resulting in damage to the abutting owner.

In the Cranley case, supra, where there was a closing of a road adjacent to the plaintiff's property, the court recognized a vested right to the easement which the owner of contiguous property has in a public road and that it could not be destroyed without compensation for the taking of that property right, but in there holding the county alone liable for compensation to the injured abutting owner, the court did so upon the ground stated, that in that case it was the county alone which closed the road and was therefore solely liable for the damage done, as it had committed the act. Further it is stated in the opinion that upon a like principle have rested the many opinions of this court holding, in like case, that the city or the county, as the case may be, is liable for damage to adjacent property resulting from the lowering or raising of an established grade of a street, according as to which of them is shown to have committed the act constituting a wrongful taking of the property.

Further it is said in the Bader opinion, supra [274 Ky. 486, 119 S. W. (2d) 872]:

"The liability of a county for the payment of compensation for the 'taking' of private property for or in the construction of a state highway is by virtue of the statute [section 4356t-7, KS. (KRS 177.060)], and that alone, unless it acts independently as in the foregoing cases."

While the defendant, Monroe county, here (as stated above) denies that it either itself or jointly with the State Highway Commission constructed or participated in the construction of this part of the highway extending along Third St. and within the city limits, adjacent to appellant's property (resulting, it is alleged, in the taking or invasion of appellant's abutting property by destroying his right of ingress and egress to and from the road to his property and materially reducing its value), it admits that it, the county, furnished the Commission only the right of way along Third St. of the town for the construction of this portion of the state highway abutting appellant's property, but that it did only this, which was required of it by section 4356t-7, Kentucky Statutes (KRS 177.060), providing that:

"No portion of the cost of acquiring any necessary land or right of way, * * * *nor any part of any damages incurred,* awarded or paid, shall be paid out of the state road fund or road and bridge fund, but all cost of acquiring any necessary land or right of way and *any damages incurred,* awarded or paid shall be paid by the county." (Italics ours).

In the Bader case, supra, it was held that its decision of the like question, as here presented rested upon the interpretation of the provision of the statute quoted above. There too it was said:

"So far as disclosed by the petition, the county did nothing whatever in this road construction. There was no right of way 'acquired' at this point. The allegations are that the state, through its agencies, lowered the grade of an 'established public highway in the county' and left the plaintiffs' property above the former grade. Whatever presumption may be raised and accepted from the pleading must be against and not favorable to the pleader. Since the property line extended over to the center of the highway, it may well be presumed that the easement of the right of way had been conveyed to the county or state and that compensation for the interference with the entrance to the property resulting from the changing of the grade was included in the consideration paid for it. But whether so or not, we construe the present statute requiring the county to bear the cost of acquiring a

right of way and damages incurred by reason thereof or as an incident of construction by the State Highway Commission of state roads as not embracing liability for such damages as is claimed in this case, under such conditions as is described. The thought of the Legislature expressed in the phrase 'damages incurred' was undoubtedly damages incident to the acquisition of a right of way in the exercise of the power of eminent domain.''

It further here appears in the record that the city of Tompkinsville by its deed conveyed to the commonwealth, for the benefit of the State Highway Commission, a right of way over its streets, including Third St., for the construction thereover of this portion of its state highway project abutting appellant's property. It further appears in the record, or is alleged in appellant's petition and second amended petition, to which demurrers were sustained, that there had been no establishment of the grade of Third St. by the city prior to its deeding the Commission the right of way thereover for its construction of the state highway thereon according to the plans and specifications prepared and provided by the Commission, calling for the widening of the street and a lowering of its grade. The state therefore took the place of the city in the construction of this part of the state highway and the rights of the city relative to the establishment of an original grade passed under its deed to the Commission.

However, even if this street had not been made a part of the state highway, but the municipality had constructed it on the same grade established by the state, it would not be liable to the abutting owners for the consequential damages growing out of an original construction of the street, where the mode and manner of making such original construction, lowering its grade, were such as merely impeded and inconvenienced the abutting landowners in their ingress and egress to the street but fell short of constituting a taking or invasion of their property.

However, while the complained of widening of the street and the lowering of its grade in this part of the state highway was an original fixing of its grade, yet as such construction work was done by the Commission in the manner and to the extent called for by its plans and specifications or as to constitute a taking and inva-

242

sion of appellant's property, the state, rather than the county, appears, for the reasons hereinabove stated, to be the one which should be held liable for payment of compensation to the appellant for these substantial injuries done his property, where it amounted to a taking of it, since it was the sole factor in the enterprise or in having the work done, which is alleged to have resulted in the taking and invasion of appellant's property.

Such being our view of the case, we conclude that the trial court rightly sustained a demurrer to the petition and petition as amended, seeking recovery of damages against the county, and that its judgment sustaining same should be and it is affirmed.