### CANTRELL et al. v. PIKE COUNTY.

Court of Appeals of Kentucky.

March 6, 1953.

V. R. Bentley, Pikeville, for appellant.

L. D. May, Pikeville, for appellee.

DUNCAN, Justice.

Appellants sought by this action to recover direct and incidental damages from Pike County on account of what they contend was the taking of certain land for State highway purposes. The lower court directed a verdict for the county, and the propriety of that instruction is the only question involved on this appeal.

Appellants are the owners of lots 21, 22, and 23 in Block 7 of what is known as East Elkhorn Addition in Praise, Pike County, Kentucky. The lots each have a frontage of twenty-five feet and a depth of one hundred feet, and are described in appellants' deed only by number and reference to the plat of the subdivision of which they are a part.

The county, under its statutory duty to do so, undertook the acquisition of a right of way for the construction of a State highway from Elkhorn City to the Virginia State line. Originally, it was thought that a small part of appellants' lots would be required for the right of way, and a representative of the county discussed the matter with one or more of the appellants and a price was agreed upon. A subsequent examination of the plat of East Elkhorn Addition disclosed that the highway as it extends along appellants' property did not take any of their lots but was entirely within a dedicated street. Consequently, the highway was constructed without acquiring a deed or paying any of the consideration previously agreed upon. The highway, as constructed, is at a level considerably lower than appellants' property, and access to their lots except over adjoining property has either been destroyed or seriously affected.

Appellants insist that a part of their land was actually included within the highway right of way. However, the testimony of the State Highway Engineer and another engineer not employed by the State completely refutes this contention. The only remaining question is whether the county must compensate appellants because the

State Highway Department lowered the grade of the road, thereby impeding their ingress and egress without taking any land or causing other resulting injury.

■■ The liability of a county for the payment of compensation for the taking of private property in the construction of a State highway is fixed by KRS 177.060, which, so far as pertinent, provides as follows:

"Except as otherwise provided in this section and in KRS 177.070, all cost of acquiring any necessary land or right of way for primary road purposes and all damages incurred shall be paid by the county."

Except for the provisions of the statute, there could be no liability against a county for the taking of land or damages resulting from the construction of a highway by the State. Therefore, the liability of the county must be measured by the statute rather than Sections 13 and 242 of the Constitution. In Bader v. Jefferson County, 274 Ky. 486, 119 S.W.2d 870, 873, it was held that Jefferson County was not liable under the statutes to an abutting property owner where the State Highway Commission had lowered the grade of a State highway. There, it was said:

"But whether so or not, we construe the present statute requiring the county to bear the cost of acquiring a right of way and damages incurred by reason thereof or as an incident of construction by the State Highway Commission of state roads as not embracing liability for such damages as is claimed in this case, under such conditions as is described. The thought of the Legislature expressed in the phrase 'damages incurred' was undoubtedly damages incident to the acquisition of a right of way in the exercise of the power of eminent domain."

We think this case is conclusive of the question presented here. Whatever rights appellants may have, it is clear that there is no liability on the part of Pike County, and the lower court properly directed the verdict for appellee.

The conclusions expressed here are not in conflict with Layman v. Beeler, 113 Ky. 221, 67 S.W. 995; City of Ashland v. Queen, 254 Ky. 329, 71 S.W.2d 650; and Cranley v. Boyd County, 266 Ky. 569, 99 S.W.2d 737. In those cases, the county, rather than the State, was the actor in bringing about the damages and its liability was not dependent on the provisions of the statute.

The judgment is affirmed.