**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**V. E. ALEXANDER et al., Appellees.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**E. D. GIBSON et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1965.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, James H. Lucas, Dept. of Highways, Bowling Green, for appellant.

Marshall Funk, Bowling Green, for appellees V. E. Alexander et al.

Henry J. Potter, Jr., Bowling Green, G. D. Milliken, Jr., Bowling Green, for Warren County, Ky.

CULLEN, Commissioner.

Believing that Warren County, in then pending condemnation proceedings, would acquire the necessary rights of way, the State Department of Highways entered upon the work of reconstructing Smallhouse Road in Warren County. This involved widening the road and raising its grade. The widening necessitated the taking of small portions of the properties of the Alexanders and the Gibsons, and the grade-raising caused some damage to their remaining lands.

At the time the Department of Highways commenced the reconstruction work, condemnation proceedings brought by the county against the Alexanders and Gibsons were pending, but the county had succeeded in getting the proceedings into an unbelievably messed-up condition. Subsequently the county simply abandoned the proceedings, apparently hoping that by artful dodging it could escape the obligation under KRS 177.060 to pay for the rights of way.

After the reconstruction work was completed the Alexanders and the Gibsons brought suit against Warren County to recover damages for the taking of and injury to their properties. The county moved that the Department of Highways be made a party defendant on the completely fallacious theory that it was an "indispensable party." The court sustained the motion and the department was brought in as a party defendant. The plaintiffs amended their complaint so as to ask formally for relief against the department, but not to charge the department specifically with any wrongful conduct. The department answered and asserted a cross-claim against Warren County, asking indemnity for any amount adjudged against the department.

The case was tried under the theories applicable in a condemnation suit. The jury was instructed to determine "taking" damages and "resulting" damages. The verdict was: For the Alexanders, $100 for land taken and $3,400 for resulting damages; for the Gibsons, $100 for land taken and $2,650 for resulting damages. Upon the verdict, which did not make any apportionment of the damages between the defendants, the court entered judgments holding Warren County liable for the awards for land taken and holding the Department of Highways liable for the resulting damages. The department has appealed from those judgments.

Under KRS 177.060(1) the county is required to pay "all cost of acquiring any necessary land or right of way for primary road purposes and all damages incurred." This means that the county is liable both for "taking" damages, and for "resulting" damages to the extent that the latter are attributable to proper construction of the highway. Muhlenberg County v. Ray, 215 Ky. 295, 284 S.W. 1074; Perry County v. Townes, 228 Ky. 608, 15 S.W.2d 521; Fallis v. Mercer County, 236 Ky. 315, 33 S.W.2d 12; Barass v. Ohio County, 240 Ky. 149, 41 S.W.2d 928; City of Ashland v. Queen, 254 Ky. 329, 71 S.W.2d 650. This includes damages incidental to and directly resulting from the carrying out of the plans and

specifications for the construction. Commonwealth, Dept. of Highways v. Thacker, Ky., 384 S.W.2d 79. However, the county is not liable for negligent or improper construction by the Department of Highways. Barass v. Ohio County, 240 Ky. 149, 41 S. W.2d 928; Bader v. Jefferson County, 274 Ky. 486, 119 S.W.2d 870; Hopkins County v. Rodgers, 275 Ky. 778, 122 S.W.2d 743; Dept. of Highways v. Corey, Ky., 247 S.W. 2d 389.

■ In the instant case there was no allegation of negligent or improper construction by the Department of Highways, nor was the case submitted to the jury on any such theory. The damages sought and awarded were of the kind for which the county is liable. While the Department of Highways may have incurred a liability to the property owners, because the department took and damaged their land without authority or compensation, the department is entitled to be indemnified by the county because the law makes it primarily liable for these damages.

■ It is our opinion that the trial court erred in not awarding judgment against the county on the Department of Highways' cross-claim for indemnity.

■ The department argues that the trial court erred in ruling that the department was an indispensable party. It is exceedingly doubtful whether a party brought into a case as a result of ruling that he is indispensable can ever claim prejudicial error from such ruling, cf. CR 21, but in any event we think there can be no serious prejudice in the instant case because the department will be indemnified of the liability adjudicated against it.

■ The department complains of alleged error by the Warren Circuit Court in certain judgments it entered in the condemnation suits which the county had brought against the Alexanders and the Gibsons. Since no one has appealed from those judgments, and since the department was not a party to those suits, obviously the department is not entitled to claim error in those judgments.

To the extent that the judgments in the instant actions deny relief to the Department of Highways on its cross-claim for indemnity against Warren County they are reversed, with directions to enter judgments requiring the county to indemnify the department for all sums adjudicated against the department in these actions.